GERTRUDE BURDICK, Appellant, v. LEON O. BURDICK, Respondent.

Third Department, July 1, 1918.

Husband and wife — divorce — motion to punish defendant for contempt for failure to pay alimony — modification of decree awarding alimony — evidence as to physical and financial condition of parties.

Where a wife moves the court for an order punishing her husband for contempt in failing to pay alimony for a period of two years, amounting to the sum of $320, and at the same time the defendant moves for an order to modify the final decree of divorce by striking therefrom the provision for the payment of alimony, and that the defendant be purged of the contempt of court, and it appears that the defendant is poor and below normal physically, but the plaintiff is living comfortably, in good health and in no need of the alimony directed to be paid her, the decree should be modified and the plaintiff's motion denied.

Although in a proper case the fact that the defendant is unable to pay alimony is no answer to plaintiff's motion to punish him for contempt, the fact that the defendant is distressingly poor, while the plaintiff is in good health and abundantly able to care for herself is important as bearing upon the question as to whether the decree should be modified by striking out the allowance for alimony.

APPEAL by the plaintiff, Gertrude Burdick, from an order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Otsego on the 13th day of March, 1918, denying her motion to punish the defendant for contempt of court and granting the defendant's motion to modify a final decree of divorce.

*William Kaufman,* for the appellant.

*David F. Lee,* for the respondent.

WOODWARD, J.:

The plaintiff secured an absolute divorce against the defendant, and the final judgment directed that the defendant pay to the plaintiff the sum of $160 per annum from January 1, 1915, in quarterly payments for the support and maintenance of the plaintiff. At the time the plaintiff moved the court for an order punishing the defendant for contempt the alimony in arrears amounted to the sum of $320, or the total allowance for a period of two years, indicating no great distress on the part of the plaintiff. At the same time that the plaintiff moved for the order to punish as for a contempt the defendant moved for an order to modify the final decree of the court granting the divorce by striking therefrom the provision for the payment of $160 per annum to the plaintiff and that the defendant be purged of the contempt of court. Both these matters were argued at the same time at Special Term, resulting in an order denying the plaintiff's motion, and granting the application of the defendant to modify the decree.

The moving affidavits show that the defendant is poor; the decree itself speaks eloquently of the defendant's poverty and the testimony of the physicians indicates clearly that he is below normal physically, and that the command of the decree compelling him to pay the sum indicated must work great hardship. On the other hand, the plaintiff appears to be living comfortably, in good health, and in no need of the comparatively small amount which the decree directs to be paid to her. It is, perhaps, no ground for granting relief to one in fault that the adverse party has been fortunate, but the granting or withholding of alimony is a matter of sound judicial discretion, predicated upon the circumstances of the

parties to a large extent, and, unless there are controlling authorities, we are disposed not to disturb the holding of the Special Term.

It is doubtless true that in a proper case the fact that the defendant is unable to pay is no answer to plaintiff's motion to punish as for a contempt. But the fact that the defendant is distressingly poor, while the plaintiff is in good health and abundantly able to care for herself, is important as bearing upon the question of whether the decree should be modified by striking out the allowance for alimony, and, if the decree is properly modified in this respect, then the defendant owes no duty to pay the plaintiff, and it would be improper to punish him for contempt. This, it seems to us, distinguishes this case from those relied upon by the plaintiff. The defendant has not been adjudged in contempt; the plaintiff moved for such an adjudication. She brought the defendant into court to have it determined that he was in contempt, and the defendant showed to the court, as tending to purge himself of such contempt, that the circumstances of the parties were such that it was no longer just or equitable that the award for alimony should continue as a part of the decree of divorce, and this being established the plaintiff was not, of course, entitled to the harsh process of imprisonment for contempt as a means of collecting the amount then due under the decree.

This is not a case where the defendant has fled the jurisdiction for the purpose of avoiding the order. He was unable to pay the amount allowed. The plaintiff remained passive for two years, and when she attempted to force the collection by a proceeding to punish for a contempt the defendant properly showed to the court reasons why such a proceeding was improper, and invoked the power of the court to relieve him from the obligation, upon which alone the contempt could arise. It is true, of course, that the defendant was in default under the decree, but he was not in contempt until adjudged to be, and the court has held that the decree imposing the burden was not a proper one under the circumstances.

The order appealed from should be affirmed.

Order unanimously affirmed, without costs.