NELLIE CHRISTIANO, Appellant, v. DANIEL J. CHRISTIANO,
Respondent.

Fourth Department, December 6, 1922.

Husband and wife — separation — proceeding to punish husband for
contempt for failure to pay alimony — provision in Civil Practice Act,
§ 1172, permitting punishment for contempt for successive failures
to pay installments of alimony applicable to judgment entered before
provision enacted — prior punishment by contempt not bar to this
proceeding.

The provision in section 1172 of the Civil Practice Act (formerly Code Civ. Proc.
§ 1773) that the punishment of a husband for failure to pay an installment of
alimony shall not be a bar to future proceedings as for a contempt for his
failure to pay subsequent installments, is remedial and is applicable to a judg-
ment of separation entered before said provision was enacted in 1919, and,
therefore, it was not a bar to the present proceedings to punish the defendant
as for a contempt for his failure to pay an installment of alimony awarded by
a judgment obtained in 1915, that he had been punished as for contempt in
prior proceedings for failure to pay a prior installment.

APPEAL by the plaintiff, Nellie Christiano, from an order of the
Supreme Court, made at the Erie Special Term and entered in
the office of the clerk of the county of Erie on the 22d day of
September, 1922, as resettled by an order entered in said clerk's
office on the 25th day of October, 1922, denying plaintiff's motion
to punish defendant for contempt for failure to pay alimony.

*Hopkins & Brim* [*A. Bruce Hopkins* of counsel], for the appellant.

*Marvin M. Marcus, Jr.* [*Thomas L. Newton* of counsel], for the
respondent.

DAVIS, J.:

The plaintiff on December 18, 1915, obtained a final judgment
of separation against the defendant. In the judgment it was
provided that the plaintiff should have the care, custody and
education of a child of the parties and the defendant should pay
plaintiff ten dollars on Saturday of each week for the support and
maintenance of the plaintiff and said child.

There seems to have been much difficulty in collecting any sum
from the defendant, although the plaintiff has utilized all the
remedies provided by statute. Evidently the practice in divorce
and annulment cases was followed by first entering an interlocutory
judgment, although that was not required. (Code Civ. Proc.
§ 1774.)*  The defendant was imprisoned for a failure to pay

* Now Civ. Prac. Act, §§ 1175, 1176.— [REP.

temporary alimony and again for failing to pay an amount accumulating under the interlocutory judgment, and under other proceedings had by arrest as a disorderly person. By these means part of the alimony was obtained and some part seems to have been collected under an execution.

Defendant is still greatly in arrears and the plaintiff has again undertaken to enforce payment by obtaining an order to show cause why he should not be so punished for his failure to make payments directed by the final judgment. On the return of this order plaintiff's motion was denied, the court at Special Term being of the opinion that plaintiff was not entitled to this relief.

The grounds upon which the decision was based are that under the provisions of law existing at the time the judgment was obtained, the defendant having been once imprisoned for contempt, could not again be imprisoned; and that the provisions of section 1172 of the Civil Practice Act permitting punishment by contempt proceedings for successive failures to pay installments of alimony may not be applied to this case, because the judgment was entered before such act was passed and this remedy is not retroactive.

We think the learned court was in error. We are inclined to the view that under the rule laid down in *Reese* v. *Reese* (46 App. Div. 156), as modified by *People ex rel. Levine* v. *Shea* (201 N. Y. 471), the plaintiff would be entitled to the order, for the defendant has not been punished for contempt for his failure to make the payments required by the final judgment. But however that may be, we are convinced that the plaintiff is entitled to her remedy under the law as it now exists. We think the remedies now given in section 1172 of the Civil Practice Act were not limited to future judgments but were applicable to those already obtained. Section 1773 of the Code of Civil Procedure was amended by chapter 478 of the Laws of 1919* to provide that punishment either by fine or commitment should not be a bar to future proceedings for the husband's failure to pay subsequent installments but that he might be proceeded against in the same manner and with the same effect as though such installment payment was directed to be paid by a separate and distinct order. Section 1172 of the Civil Practice Act† was a substantial re-enactment of the section just cited.

The action having been concluded and a judgment entered, subsequent statutes may not make modification or substantial change in the judgment. (*Livingston* v. *Livingston*, 173 N. Y. 377;

---

* Amd. by Laws of 1920, chap. 216.— [REP.

† See Laws of 1920, chap. 925, § 1172, as amd. by Laws of 1921, chap. 199.— [REP.

*Walker* v. *Walker*, 155 id. 77.) But new remedies for enforcing the judgment may be afforded. The defendant has no vested right in a judgment in favor of his wife. (*White* v. *White*, 154 App. Div. 250.) It was the evident purpose of the Legislature to furnish a new remedy where it had been held that one did not exist. (*People ex rel. Levine* v. *Shea, supra.*) Statutes regulating legal remedies are generally construed as operative upon an existing condition of things as well as upon conditions to arise after their enactment. Where a statute deals with procedure only, *prima facie* it applies to all actions — those which have accrued or are pending and future actions. (*Laird* v. *Carton*, 196 N. Y. 169.)

The case just cited held that a new form of execution might lawfully issue to enforce a judgment recovered before the statute was passed, thereby giving a new and greater remedy to the judgment creditor. Where the rule of evidence is changed it may be applied to an action pending before the act was passed. (*Sackheim* v. *Pigueron*, 215 N. Y. 62.) If rights have become extinguished they may not be revived by a statute subsequently enacted changing the rule of limitation of the action unless the language of the statute shows clearly such intent. If the rights are merely accrued but not extinguished the new rule under the statute may be applied to them. (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213.)

The act in question has made no change in the substantive law. It affected no liability the defendant owed and impairs no vested right. The plaintiff's rights under her judgment had not become extinguished, and the Legislature has furnished her with a new remedy for enforcing those rights. The act did not in express terms limit the application of the remedy to judgments obtained in the future. The language of the act, as amended in 1919, is: " Where a husband makes default in paying any sum of money * * * and where the judgment or order directs the payment to be made in instalments, or at stated intervals, failure to make any such single payment or instalment may be punished * * * and such punishment, either by fine or commitment, shall not be a bar to a subsequent proceeding to punish him as for a contempt for his failure to pay subsequent instalments." As already stated, that language may be deemed operative upon an existing condition of things and is not limited to conditions arising in the future. We think the statute being remedial in its character, should be liberally construed for the advancement of the remedy. The right to alimony does not exist by virtue of a contract but rests upon a public policy recognized by law which requires a husband to support his wife and children. The State is interested that this

obligation may be performed, and its interest is expressed in the remedies furnished by the Legislature in compelling its performance. Such remedies though retroactive do not invade the constitutional rights of the defendant. (*People* v. *Qualey,* 210 N. Y. 202; *White* v. *White, supra.*)

It appears from the record that there is some question as to the amounts heretofore paid, voluntarily or otherwise, by the defendant; and as to whether or not he is able to make further payment in full or even in part by reason of his poverty; and as to whether or not performance ought to be exacted to the full extent by the plaintiff because of the fact that she has a prosperous business and is living comfortably. These questions can be determined only at Special Term where it is likely that additional affidavits will need to be filed or a hearing conducted. (*Burdick* v. *Burdick,* 183 App. Div. 488.) .

The order appealed from should be reversed and the matter remitted to Special Term to be there determined on the merits.

All concur.

Order reversed, with ten dollars costs and disbursements, and matter remitted to the Special Term.