(No. 14961.—Judgment affirmed.)

THE PEOPLE *ex rel.* The Chicago Title and Trust Company, Appellee, *vs.* A. J. KOWALSKI *et al.* Appellants.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. CONTEMPT—*correctness of order cannot be questioned if the court had jurisdiction.* A party attached for contempt for refusal to obey an order of a court having jurisdiction cannot justify the disobedience by relying upon errors in the proceeding, but if the court was without jurisdiction the order is void and may be disregarded, and the court is powerless to punish disobedience by attachment for contempt.

2. SAME—*party attached for contempt is not entitled to a jury trial.* A party attached for contempt for refusal to obey an order of a court having jurisdiction is not entitled to a trial by jury, and it is not necessary to prove him guilty of the disobedience beyond a reasonable doubt.

3. LOAN ASSOCIATIONS—*stockholder who is a minor may properly sign petition for receivership.* The legislature has power to remove the disability of a minor, and as section 18 of the act in relation to mutual building, loan and homestead associations (Laws of 1919, p. 298,) permits a minor to subscribe for and own stock in such associations, such minor stockholder may properly sign a petition for receivership under section 43 of that act.

4. SAME—*when shareholders may file a bill for receiver.* Section 31 of the act relating to mutual loan associations, providing for the filing of bills by the Attorney General at the direction of the Auditor of Public Accounts, does not preclude the filing of a bill by shareholders, under section 43 of said act, for a receiver and to compel certain parties to deliver to such receiver the assets of the association, the charter of which such parties have allowed to lapse after organizing a new association and taking possession of such assets.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

K. B. CZARNECKI, for appellants.

LOUIS A. HEILE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In a suit in equity pending in the circuit court of Cook county on a bill filed by shareholders of the St. Joseph Building and Loan Association praying for the appointment of a receiver, the Chicago Title and Trust Company was appointed and qualified as such receiver. On May 14, 1922, the court entered an order requiring a number of named parties to the suit, among whom were the appellants, except K. B. Czarnecki, to assign, transfer and deliver over to the receiver all assets, estate, moneys, securities, effects, equitable interests, real estate and other property of the association. On June 27, 1922, the receiver filed its petition for a writ of attachment against the appellants, A. J. Kowalski, Albert Rostenkowski, Felix Wilkowski, Joseph A. Okon, Leo Rammell, Frank Socki, Frank Puciaty, K. B. Czarnecki, their solicitor, and Joseph Grabowiecki, to show cause why they should not be adjudged guilty of contempt for a failure and refusal to comply with the order. The petition alleged service of a copy of the order, and that the appellants had in their possession or control assets and property belonging to the association and had failed and refused

to surrender the same to the receiver. The appellants filed a demurrer to the petition and four pleas, and there was a hearing at which Grabowiecki was discharged and the appellants were adjudged guilty of contempt. The appellants, except Czarnecki, were fined $500 each and committed to jail until payment of the fine and compliance with the order or until otherwise discharged in due course of law. As to Czarnecki, the court found that he, with the other appellants, stood in open defiance of the court, and that his conduct and demeanor in open court during the proceedings was calculated, intended to and did tend to embarrass and obstruct the court and the judge thereof in the administration of justice and to bring the administration of law into disrespect and disregard. He was committed to jail for thirty days, and in addition thereto was fined $1000 and committed to jail in default of payment and until he should comply with the order, unless sooner discharged in due course of law. The appellants alleging that there were constitutional grounds for a review of the judgment by this court, prayed an appeal, which was allowed and perfected.

The brief and argument for the appellants is of very great length, does not conform to the rules of the court, and mingles statements concerning the litigation and questions relating thereto with the proceeding for contempt. What is entitled "Brief of Points" contains nineteen separate and distinct propositions consecutively numbered, with alphabetical subdivisions, and nearly all of them are intended to apply to alleged errors in the equity suit or supposed irregularities not affecting the jurisdiction to make the order which the appellants refused to obey,—and that is the question to be considered. If the court had jurisdiction the appellants were not entitled to set up their judgment that the order was erroneous against the judgment of the court, and any alleged error would not justify disobedience. *Tolman v. Jones,* 114 Ill. 147; *Clark* v. *Burke,* 163 id. 334; *Swedish-American Telephone Co.* v. *Fidelity and*

*Casualty Co.* 208 id. 562; *Christian Hospital* v. *People,* 223 id. 244; *Flannery* v. *People,* 225 id. 62.

The facts appearing in the record from which the jurisdiction of the court is to be determined are as follows: The St. Joseph Building and Loan Association was organized as a corporation on November 4, 1895, for a term of twenty-five years and had a board of directors of nine members. On February 5, 1920, a bill was filed in the circuit court of Cook county in the name of the association, with the appellants and Joseph Grabowiecki as complainants, by K. B. Czarnecki, their solicitor, alleging that the complainants had been elected directors of the association and praying for an injunction against former officers from interfering with them in the management of the association, and a mandatory injunction commanding the secretary to surrender to them possession of the books, papers and other property and the seal. The bill alleged that there had been a meeting of the shareholders and complainants had been elected directors. The bill was answered and a cross-bill was filed by the defendants. The amended and supplemental cross-bill alleged that the complainants therein were regularly elected directors at a meeting of the shareholders in January, 1919, and had continued to discharge their duties; that at a meeting of the shareholders on January 31, 1920, a question arose about the regularity of certain proxies, and great confusion was created, chiefly by Czarnecki, and the disorder became so great that it became necessary to call in the police to quell the same; that the meeting was adjourned for one week, and the complainants in the original bill and defendants in the cross-bill held a meeting at five o'clock the next morning and with a few shareholders declared themselves elected; that the defendants had intentionally permitted the charter of the association to expire, and in June, 1920, before such expiration, organized a like corporation with the name of St. Joseph Loan Association, of which they were directors and officers, and that they

had seized and appropriated the property of the St. Joseph Building and Loan Association. On May 13, 1921, nine shareholders of the St. Joseph Building and Loan Association filed their bill under section 43 of the act in relation to mutual building, loan and homestead associations, (Laws of 1919, p. 298,) praying for the appointment of a receiver. This bill was substantially the same as the amended supplemental cross-bill, and on June 2, 1921, the suits were consolidated.

While any error of a court having jurisdiction will not justify disobedience of its orders, if a court is without jurisdiction to make an order it is void and may be disregarded by persons sought to be affected thereby, since no court can punish as for a contempt disobedience of an order made without jurisdiction. (*People* v. *Barrett,* 203 Ill. 99; *People* v. *McWeeney,* 259 id. 161; *People* v. *Clark,* 268 id. 156; 6 R. C. L. 505; 13 Corpus Juris, 13.) That being the law, it is contended that the court was without jurisdiction to appoint a receiver and order the property and assets of the association turned over to it, because one of the complainants in the bill praying for such appointment was a minor. Section 43 provides that receivers may be appointed whenever nine or more shareholders of any association shall file a petition in the circuit court setting forth the facts relied upon for the appointment of a receiver, and the argument is that Irene Pejza, one of the complainants, was seventeen years and four months of age when she signed the bill, and therefore there were not nine shareholders who were complainants. Disregarding the question whether the court would be without jurisdiction because one who was a shareholder in fact was an infant, and the fact that upon attaining her majority Irene Pejza confirmed in open court her act in signing the bill and the bond filed in connection therewith, the statute was complied with. The question at what age one otherwise qualified to enter into a contract shall have the right to make lawful contracts and

be entitled to their benefits and bound by their obligations is within the control of the legislature. The legislature has exercised its power in that regard, so far as building and loan associations are concerned, by providing in section 18 of the act that minors may become subscribers to and owners of the stock of such associations. By that provision Irene Pejza was given the right to enter into the contract as a subscriber the same as any adult, to acquire stock, enforce rights and obligations, and necessarily to have all the attendant rights of every other shareholder. The general rule as to legislative power is well established. (*Borgis* v. *Falk,* 147 Wis. 327; *Scott* v. *Nashville Bridge Co.* 145 Tenn. 86; *Young* v. *Sterling Leather Works,* 91 N. J. L. 289.) Before the enactment of the statute it was held that if a minor admitted as a member in a mutual benefit association performed the conditions prescribed in the certificate of membership, he, the same as an adult, became entitled to the benefits thereby secured. *Chicago Mutual Life Indemnity Ass'n* v. *Hunt,* 127 Ill. 257.

It is insisted that the circuit court had no jurisdiction of the bill filed by the shareholders, because section 31 of the act in relation to mutual building, loan and homestead associations provides that no bill shall be filed for the purposes stated in that section except in the name and by the authority of the Auditor of Public Accounts, represented by the Attorney General. The bill alleged that application had been made to the Auditor of Public Accounts to file a bill and he had refused, and this is not denied. From an examination of the act, however, it will clearly appear that the prohibition does not apply and that the complainants were expressly authorized to file the bill. Section 27 requires an annual report to the Auditor of Public Accounts by each association, containing the detailed statements therein mentioned, and by section 28 it is the duty of the Auditor of Public Accounts to make an annual examination into the affairs of each association. Section 31 provides

that when it shall appear to the Auditor of Public Accounts that the assets of any association are impaired to the extent that such assets do not exceed dues paid on the shares, with interest at the rate of three per cent per annum for the average time invested, or that it is conducting its business in a fraudulent, illegal or unsafe manner, he may direct the Attorney General to file a bill in the name of the People for the dissolution of the association, and for an injunction, and the appointment of a receiver for the winding up of the affairs of the association. This is followed by the provision that no bill shall be filed nor proceeding commenced in any court for the dissolution or for the winding up of the affairs or for the appointment of a receiver for such association on the grounds of insolvency or impairment of the assets of such association, or on the ground that such association is being conducted in an illegal, fraudulent or unsafe manner, except by the Auditor of Public Accounts. The charter of this association expired on November 4, 1920, and the charges made by the bill were not within any provision of section 31 relating either to the impairment of the assets or to the fact that the association was being conducted in an illegal, fraudulent or unsafe manner. The language of section 43 is as follows: "Receivers may also be appointed whenever nine or more shareholders of any association shall file a petition in the circuit court of the county in which the principal office of such association is located, setting forth the facts relied upon for the appointment of a receiver." When the bill was filed under the authority thus given it called for the exercise of judicial authority to determine whether the facts stated entitled the complainants to the relief prayed for. If the court erred in the exercise of jurisdiction, the only method permitted for correction of such error was by appeal or writ of error. The circuit court had jurisdiction to appoint a receiver and to order the appellants to deliver to it

the property and effects of the association, and a refusal to obey the order was punishable as contempt.

It is further contended that errors were committed in the proceeding which are subject to review by this court and require reversal. In what purports to be a statement of the case covering sixty pages of the brief and argument there are fourteen propositions apparently of that character. It is stated that a construction of the constitution as to the appellate jurisdiction of this court and the Appellate Courts is involved, and that the State is "interested, as a party or otherwise," because the State Auditor and Attorney General perform duties under the Homestead and Loan Association act. The State has no other interest in the case than such as concerns the enforcement of the law and the administration of justice, and if it had, there is no dispute that this court has jurisdiction, which dispenses with any explanation of the provisions of the constitution relating to the jurisdiction of this court. It is alleged that the appellants were denied a jury trial, but they had no right to a trial by jury. (*O'Brien* v. *People,* 216 Ill. 354.) It was not necessary to prove the appellants guilty beyond a reasonable doubt, (*Flannery* v. *People, supra,*) and if it had been, the proof was of that character. Attention is also called to the provisions of the bill of rights protecting parties from testifying against themselves in any criminal matter and against unreasonable searches and seizures. There was neither search nor seizure and no violation of any right of the appellants against incriminating themselves. There are other similar objections to the proceedings contained in the statement of the case but which are not contained in the brief or the argument in support of it. Everything worthy of any attention has been noticed and none of the objections have any foundation in the record.

The court had jurisdiction and the record is free from error. The judgment is affirmed.     *Judgment affirmed.*