[Sac. No. 4128. Department Two.—December 20, 1928.]

HENRY R. HOWE, Appellant, v. CLARA HOWE, Respondent.

(1)

A. H. Carpenter for Appellant.

Stahlman & Bennett for Respondent.

SHENK, J.—This is an appeal from an order directing the plaintiff, as father of his two minor sons, to pay forty dollars per month for their support.

On October 7, 1912, the plaintiff was granted an interlocutory decree of divorce from the defendant on the ground of extreme cruelty. At that time the sons were about two and three years of age, respectively. No provision was made in the decree for the custody of the children or for their support. The final decree of divorce was entered in February, 1923. Likewise in the final decree no mention was made of the custody or support of the children. In 1924 the defendant remarried. In September, 1927, the defendant, on notice to the plaintiff, made application to the court for an order to amend the final decree of divorce so as to award to the defendant the custody of the children and to provide that the plaintiff pay a suitable monthly sum for the support of the minors and for reimbursement for some four thousand dollars theretofore expended by her for their support. The relief prayed for was granted to the extent of awarding the custody of the sons to the defendant and requiring the plaintiff to pay the sum of forty dollars per month for their support. From that order the appeal is prosecuted.

On October 30, 1912, the parties hereto entered into a written agreement as to the custody of the children and the payment by the plaintiff of ten dollars per month for the support of one of them. This agreement was offered in evidence at the trial, and on objection of the defendant was refused admission. The ruling of the court on the offer is urged as one of the principal grounds of the appeal. We find no error in the ruling. The agreement was not offered in evidence at the trial of the divorce action and was never approved by the court. The order here complained of was discretionary with the court under section 138 of the Civil Code and no abuse of discretion is shown. The fact that the boys were in part self-supporting

at the time the order was made would not relieve the father of his duty to contribute toward their support.

No other points require discussion. The order is affirmed.

Richards, J., and Langdon, J., concurred.