[Civ. No. 8400. First Appellate District, Division Two.—April 7, 1932.]

DAVID KENDALL, Respondent, v. GEORGIA KENDALL, Appellant.

Eldon B. Spofford for Appellant.

John E. Manders for Respondent.

TUTTLE, J., *pro tem.*—This is an appeal, by bill of exceptions, from an order discharging an order to show cause why further payments for the support of respondent's minor child should not be made.

On November 20, 1920, by judgment of divorce between these parties, it was ordered that respondent pay to appellant the sum of $30 a month for the support and maintenance of their minor child. The minor became eighteen years of age upon August 11, 1927. Upon July 29, 1927, an act of the legislature became effective [Stats. 1927, p. 1119], whereby the age of minority of females was changed from eighteen to twenty-one years (sec. 25, Civ. Code). Thereafter respondent was cited to show cause why he should not be punished for contempt of court in failing to make the monthly payments mentioned. It is conceded that respondent made such payments until said minor reached the age of eighteen years, but it is now contended by appellant that such payments should be made until the minor reached the age of twenty-one years. The trial court held that respondent had fully complied with the order, and discharged the proceedings.

The contention of appellant is that "as long as the child retains the status of a minor and the court has not modified its order the child is entitled to the payments ordered in the decree". In other words, that the act of the legislature should be retroactive in effect so that the obligation of re-

spondent to make said payments or his liability for the support of the minor, under the judgment, would be extended for a period of three years.

The general principle of law governing the disposition of this case is stated as follows, in *Callet* v. *Alioto*, 210 Cal. 65 [290 Pac. 438, 440]: "It is too well settled to require citation of authority that in the absence of a clearly expressed intention to the contrary, every statute will be construed so as not to affect pending causes of action. Or, as the rule is generally stated, every statute will be construed to operate prospectively and will not be given a retrospective effect, unless the intention that it should have that effect is clearly expressed." In Sutherland on Statutory Construction, section 464, the rule is thus laid down: "A statute should not receive such construction as to make it impair existing rights, create new obligations, or impose new duties in respect to past transactions, unless such plainly appear to be the intention of the legislature. In the absence of such plain expression of design, it should be construed prospectively only, although its words are broad enough in their literal extent to comprehend existing cases." The foregoing rule applies with particular force to those statutes the retroactive operation of which would impair or destroy vested rights. (36 Cyc., p. 1210.)

Is a judgment a vested right? "A judgment is such a vested right of property that the legislature cannot, by a retroactive law, either destroy or diminish its value in any respect." (5 Cal. Jur., p. 755; 6 R. C. L., p. 319.) By a parity of reasoning, neither can the legislature add to or increase the burden imposed upon one of the parties to such judgment. After the adjudication the fruits of the judgment become rights of property. These rights become vested by the action of the court and were thereby placed beyond the power of the legislature to affect.

Under the decree of divorce, it was adjudged that respondent should pay $30 per month for the support of the minor. The law then provided that she was a minor until she reached the age of eighteen years. Thus, in effect, the duty was imposed upon respondent to pay this sum until she reached that age. Assuming, as appellant contends, that the judgment was subject to modification at any time, and that the amount which respondent be called upon to pay

was uncertain in that respect, still the fact remains that his period of liability would, if appellant is correct, be extended for the definite period of three years. Clearly this would impose upon him "new duties. in respect to past transactions" and impair his vested right to have his liability cease when the minor reached the age of majority specified in the statute as it existed when the judgment was rendered. To reach the opposite conclusion would do violence to the universal and salutary rule disfavoring the retrospective operation of statutes.

Appellant relies upon the case of *Christiano* v. *Christiano,* 204 App. Div. 47 [197 N. Y. Supp. 72], as supporting his contention that no vested right can arise out of the judgment. There a divorce was granted and alimony awarded. The statute then provided that if the defendant was *once* imprisoned for contempt on account of failure to pay alimony, he could not again be imprisoned. Thereafter the legislature passed an act removing the limitation upon the number of contempt proceedings and terms of imprisonment. The court held that the last statute was applicable to the proceedings for the reason that "Statutes regulating *legal remedies* are generally construed as operative upon an existing condition of things as well as upon conditions to arise after their enactment. Where a statute deals with procedure only, *prima facie* it applies to all actions—those which have accrued or are pending and future actions." "The action having been concluded and a judgment entered, subsequent statutes may not make modification or substantial changes in the judgment." It is clear that the decision is just the contrary to appellant's contention, and that the case was disposed of under legal principles which are not involved here. The amendment to the statute here does not affect the remedy, but it affects the rights of respondent by extending the period of his liability. The rule in the state of New York is found in the case of *Livingston* v. *Livingston,* 173 N. Y. 377 [93 Am. St. Rep. 600, 61 L. R. A. 800, 66 N. E. 123], which is cited in the Christiano case. In the Livingston case a divorce was granted and alimony in the sum of $4,000 per year was awarded the wife. At that time it was the law that the jurisdiction of the court terminated with the final judgment in divorce actions, and there was neither inherent power in nor authority conferred by the code upon the court

to modify the judgment. Shortly after the entry of the judgment, the legislature amended the law permitting the court, after final judgment, to annul, vary or modify the terms of such judgment in respect to the support of plaintiff. Thereupon defendant moved the court to reduce the amount of alimony from $4,000 to $3,000 and the motion was granted. The appellate division reversed the order, and was sustained by the court of appeals. The opinion is exhaustive and well considered. It was held that "the judgment defined and created a new obligation on his (the husband's) part and as the amendment of the statute, necessarily, affected the wife's right to compel exact performance and bore upon the obligation, to her possible injury, it is obnoxious to the constitutional prohibition" (that no person should be deprived of property without due process of law). "It would be absurd to call it remedial, as affecting merely a remedy upon the decree. Even then, it would violate a substantial right of the plaintiff. It was, however, in fact, the impairment of, or interference with, a vested right conferred by a final judgment." The amendment to the statute in that case was made to apply to judgments theretofore rendered. The case of *Springstun* v. *Springstun,* 131 Wash. 109 [40 A. L. R. 595, 229 Pac. 14], presents precisely the same facts as are here involved, and it was there held that when the husband had made all his payments for the support of his minor daughter until she reached the age of eighteen years, he was absolved from all further payments, and the amendment to the statute was not operative.

We conclude, therefore, that the amendment affected a right and not a remedy, and since there is no clearly expressed intention that it should be retroactive, it must be applied prospectively, and this construction is particularly imperative since it affected a vested right of respondent.

The order of the trial court discharging the proceedings was correct, and is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 7, 1932.