### COLEMAN et v COLEMAN et

Ohio Appeals, 1st Dist, Hamilton Co

No 4719. Decided March 18, 1935

Bert H. Long, Cincinnati, Milton M. Bloom, Cincinnati, and Walter Schwaab, Cincinnati, for plaintiffs in error.

John M. Renner, Cincinnati, for defendants in error.

### OPINION

By ROSS, PJ.

Plaintiffs in error present in their brief only one question for the consideration of the court, involving the effect of §8023, GC, upon the conveyance.

When the deed was executed each of the grantors was over eighteen and under twenty-one years of age. The deed was executed after the present section was in force. §8023, GC, is as follows:

"All persons of the age of twenty-one years and upward, who are under no legal disability, shall be capable of contracting respecting goods, chattels, lands, tenements,

and any other matter or thing which may be the legitimate subject of a contract, and, to all intents and purposes be of full age."

This section is found in Vol. 110 Ohio Laws, page 125.

Section 2 of the Act provides: "That said original §8023 GC be and the same is hereby repealed." That section provided:

"All male persons of the age of twenty-one years and upward, and all female persons of the age of eighteen years and upward, who are under no legal disability shall be capable of contracting respecting goods, chattels, lands, tenements, and any other matter or thing which may be the legitimate subject of a contract, and, to all intents and purposes be of full age."

This statute was originally passed February 17, 1834, and was a modification of the common law, in force until the passage of the act. McClintock et v Chamberlin, Wright's Ohio Reports, p. 547.

The common law fixed the age of responsibility at twenty-one, as is now provided by the present statute.

The deed sought to be set aside was not executed while the grantors were of age under the previous statute, making the age of responsibility eighteen. Had this been the case, a different question than that before us would have been presented. When the deed was made, this age of responsibility no longer existed. The age had been moved forward to twenty-one. The plaintiffs, therefore, under the law existing at the time of the execution of the deed were not "capable of contracting," and their acts in so doing were under the law voidable.

No act of the legislature, may impair the obligation of a contract, abrogate a vested right, have a retroactive effect, or affect an action, proceeding, or cause of action. Foundation for such limitation upon legislative action appears in the constitution and statutes of this state.

It is insisted by the plaintiffs in error that under the statute of 1834, modifying the common law, the grantors had "vested rights", which could not be divested by the enactment of a statute enlarging the period of their minority. The argument is that such vested rights passed by conveyance to the grantee of the deed.

The authorities supporting this contention are reviewed in the briefs of plaintiffs in error and Mr. Harry Lewis Deibel's article appearing in 21 O. L. R. at p. 215. We will not review them here. Sufficient it is to say that none of them are convincing.

The only right herein involved is the right to convey title. Had that right been exercised before the repeal of the statute of 1834, the grantors being in possession of the right to convey, would have divested themselves of such title as they possessed. Is the right to convey a vested right?

"* * * the right to contract is one of the inalienable rights of citizens." 8 O. Jur., 486.

In **Palmer & Crawford v Tingle,** and **Young v Lion Hardware Co., 55 Oh St, 423,** at page 441, the court say:
"Contracts and compacts have been entered into between men, tribes and nations during all time from the earliest dawn of history, and the right and liberty of contract is one of the inalienable rights of man, fully secured and protected by our constitution, and it may be restrained only in so far as it is necessary for the common welfare, and the equal protection and benefit of the people. That such restraint of the right and liberty of contract is for the common public welfare, and equal protection and benefit of the people must appear, not only to the general assembly, by force of popular clamor, or by pressure of the lobby, but also to the courts, and it must be so clear, that a court of justice in the calm deliberation of its judgment, may be able to see that such restraint is for the common welfare and equal protection and benefit of the people. People v Gillison, 109 N. Y., 389; 4 Am. S. Rep., 465."

Now the right of the legislature to modify this right so far as the youth of the state is concerned has been consistently recognized by the courts of this state ever since the decision of McClintock et v Chamberlin, supra.

If then this right in a youth be not of such a character as to be free from legislative control— manifestly any right to enter into a contract, may be modified by the legislature providing that such modification is reasonable and the rights of others have not intervened by the exercise of the power invested in the minor, and while such power was in existence. It is unnecessary to classify the power by which the right of a youth to contract may be limited, enlarged, or curtailed. The fact that such power has been consistently recognized in the common law and by the legislature is sufficient. There being no vested right in youth to be free from the initial exercise of power in the legislative limitation of the right to contract, it is to us plain that

there can be no vested right to be free from limitation by amendment of the original act exercising that power, providing, as was said before, that the new exercise of this power is not unreasonable and other rights have not intervened by the exercise of the right to contract under the former legislation.

We conclude, therefore, that the deeds were made at a time when the plaintiffs were invested with the right to avoid their contract, and that having exercised this privilege, the deeds were properly set aside by the trial court, it appearing that the legislation involved was not retrospective in character, interfered with no contract obligation or vested right.

The judgment is affirmed.

MATTHEWS and HAMILTON, JJ, concur.