[L. A. No. 16212. In Bank.—September 20, 1937.]

CHARLES G. ROSHER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Joseph Musgrove, Fred O. McGirr and Thomas H. Cannan for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, and Flint & Mackay for Respondent.

THE COURT.—This case was transferred to this court after hearing and decision by the district court of appeal, second district, division two, in order that we might give further consideration to the question of the effect of the amendment of section 25 of the Civil Code (Stats. 1927, p. 1119) raising the age of majority for females from eighteen to twenty-one years, upon a support order in a divorce action made prior to its effective date.

The case is here on proceedings to review an order adjudging petitioner to be in contempt of court for failure to pay the amount specified in the order. Lolita H. Rosher obtained an interlocutory decree of divorce from petitioner in 1923. At that time the court awarded her the custody of their minor daughter and ordered petitioner to pay $100 a month for the child's support during·her minority, or until her marriage. On April 8, 1927, the order was modified to raise the monthly sum to $150 to continue "until further order of the court", instead of until majority. Both at the time of the original order and at the time of its modification in April, 1927, section 25 of the Civil Code fixed eighteen years as the age of majority for females. The amendment raising the age to twenty-one became effective July 29, 1927. Dorothy Lacey Rosher, daughter of plaintiff and petitioner, was born July 10, 1914, and was about nine years old at the time of the divorce decree and the original support order. She became eighteen years of age in July, 1932, and twenty-one in July, 1935. The petitioner made payments in accordance with the orders until and including December, 1932. The contempt found by the court below consists in his wilful refusal to make payments thereafter. It is the contention of petitioner, that since at the time of the rendition of the original decree, eighteen was the age of majority for females, his obligation to make payments under the order ceased when his daughter attained that age.

Petitioner relies upon the case of *Kendall* v. *Kendall*, 122 Cal. App. 397, 398 [10 Pac. (2d) 131]. That case is undoubtedly squarely in point. It held that the amendment of section 25 of the Civil Code could not be applied retroactively

so as to impair existing rights and that the father's right to have his liability cease when the minor reached the age of majority fixed by statute at the time the judgment was rendered was one of the fruits of the judgment and vested in him as a property right. With the conclusions announced in the Kendall case we do not agree. ■ The statutory amendment operates prospectively to extend the period of minority of a child who has not reached majority at the time it becomes effective. Indeed, it is not and could not be contended that the period of minority was not extended by the amendment for purposes other than the termination of the father's obligation under the order. (See *Coleman* v. *Coleman,* 51 Ohio App. 221 [200 N. E. 197], and *Springstun* v. *Springstun,* 131 Wash. 109 [229 Pac. 14, 40 A. L. R. 595], cited by petitioner and by the court in *Kendall* v. *Kendall, supra.*)

In *Springstun* v. *Springstun, supra,* it was concluded, however, that since the decree, when entered, contemplated support only until the age of eighteen, the decree was satisfied when the minor became eighteen. It was the theory of the Washington court that the decree was "as definite and certain in that respect as it would have been had the decree expressly named the eighteenth year of the minor as the date of its expiration". In our view this is not the proper interpretation to be placed upon an order for the support of a minor made in connection with an award of custody in a divorce action.

■ It is settled that the power of the court to make and modify orders for the support of minor children under section 138 of the Civil Code is independent of any reservation of authority in the original decree; that proper provision for their support may be made at any time during the period of minority; that the propriety of the provision to be made is to be determined in the light of the circumstances existing at the time the application is made; and that even an agreement by the mother that she would not ask for such an order cannot bar the child's right to apply for an order for proper support. (*Lewis* v. *Lewis,* 174 Cal. 336 [163 Pac. 42].)

■ Such an order cannot, therefore, be considered a judgment in the sense of its being a final adjudication of the rights and duties of the parent and the minor child. It was not intended to and does not operate to crystallize or limit the duty of the parent to support his minor child, but merely defines the extent of his duty during the life of the order.

(*Dixon* v. *Dixon,* 216 Cal. 440 [14 Pac. (2d) 497] ; *Sherer & Co.* v. *Industrial Acc. Com.,* 182 Cal. 488 [188 Pac. 798] ; *Lewis* v. *Lewis, supra; Watkins* v. *Clemmer,* 129 Cal. App. 567 [19 Pac. (2d) 303] ; *Southern Cal. Edison Co.* v. *Industrial Acc. Com.,* 92 Cal. App. 355 [268 Pac. 415].)

■ In *Moore* v: *Superior Court,* 203 Cal. 238 [263 Pac. 1009], it is said: "The language of section 138 of the Civil Code is read into every decree of divorce which purports to deal with the care, custody and support of the minor children of the parties to the action, and this being so, whatever orders or decrees the trial court may make or enter in the premises are not in the nature of final judgments which determine the relation of the parties to each other, or to the action or to the subject matter over which the court has thus retained all of the jurisdiction which it had during every stage of the proceedings and pendency of such action." It follows that it cannot be said that any vested right with regard to his duty to support or care for his minor children is acquired by a divorced parent as a result of the divorce decree or custody orders made in connection therewith. Hence, no such right is impaired by holding that the entry of a divorce decree or the making of a custody or support order does not operate to limit the petitioner's liability to his minor child to the period of minority fixed by statute at the time of the entry of the decree or order. In the absence of any such decree his obligation would continue throughout the extended period of minority. The divorce decree and support order neither saparately nor in conjunction constitute a permanent and final adjudication of the extent of his obligation to support his minor child.

It is also argued that the court did not have in mind the extended period of minority at the time either of the orders was made. The quotation from *Moore* v. *Superior Court, supra,* disposes of this contention. Such orders must be considered to have been made in the light of section 138 of the Civil Code, which empowers the court to provide for the minor child during the period of minority, and also in the light of the power of the state to change the period of minority. Neither order can be said to have intended more than the making of a proper provision for the petitioner's minor daughter at the time it was made and both, in the absence of words of definite limitation in time, must be construed as con-

.tinuing until majority or until changed circumstances require or render proper the granting of an application for modification. The order of April 8, 1927, expressly so provided and in view of the date of the amendment of section 25, may have been so framed in contemplation of the change in the section becoming effective.

The conclusions above reached render it unnecessary to discuss the power of the court to make support orders for the benefit of adult children. The earnings of the minor during the time the order was in effect can have no bearing on the petitioner's guilt or innocence of the contempt found. They are relevant only for the guidance of the court in making or modifying orders for support. (*Howe* v. *Howe,* 206 Cal. 1 [272 Pac. 751].)

In so far as the case of *Kendall* v. *Kendall, supra,* is in conflict herewith, it is overruled.

The order is affirmed.

Rehearing denied.