[Civ. No. 14066. First Dist., Div. Two. July 15, 1949.]

MYRIL POLLARD STUCKER, Appellant, v. PHIL C. KATZ, as Administrator, etc., Respondent.

Charles McLaughlin and A. J. Harwood for Appellant.

Henry F. Boyen and Frank J. Fontes for Respondent.

DOOLING, J.—Plaintiff and appellant procured an interlocutory decree of divorce from respondent's intestate in 1925 and the final decree was entered in 1926. The court awarded her $50 per month alimony. Only $55 was paid by the decedent to appellant and after his death in 1945 she sued his administrator for the accrued balance amounting to $11,850.

The court found that the claim to all instalments which accrued over five years before the intestate's death was barred by limitation and the correctness of this adjudication is not questioned. The court further found that appellant was remarried on August 28, 1937, and that by reason of such remarriage the obligation of the decedent to pay alimony was terminated on that date. This finding of the court was based on an amendment to section 139, Civil Code, in 1933 which added the following language to that section: "Upon the remarriage of the wife, the husband shall no longer be obligated to provide for her support . . .."

Appellant contends: 1. That this statute is not self-executing and did not automatically release the decedent from the obligation of the judgment; and 2. That if so construed the amendment is unconstitutional as impairing her vested rights embodied in the judgment.

A bare reading of the language of the amendment is sufficient answer to the first contention. It is couched in mandatory language, calls for no court action to make it effective and provides explicitly that the husband "shall no longer be obligated" to provide support for a divorced wife after her remarriage. The only question is as to the constitutional power of the Legislature to provide for the automatic termination upon the divorced wife's remarriage of the continuing obligation to pay alimony imposed on a divorced husband by

a judgment entered before the enactment of the statute providing for such termination.

Appellant relies on the rule that the plaintiff has a vested right in instalments of alimony already accrued. (*Keck* v. *Keck*, 219 Cal. 316 [26 P.2d 300].) Even before the amendment of Civil Code, section 139, the courts of this state as a matter of public policy had held that the divorce court had power to set aside retroactively instalments of alimony which had accrued after the divorced wife's remarriage. (*Cohen* v. *Cohen*, 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520] ; *Atlass* v. *Atlass*, 112 Cal.App. 514 [297 P. 53].) Appellant argues that these cases are inconsistent with *Keck* v. *Keck*, *supra*, and *Biewend* v. *Biewend*, 17 Cal.2d 108 [109 P.2d 701, 132 A.L.R. 1264] and must be considered overruled by them. We do not find it necessary to decide this point, because there is no question here of setting aside any instalment of alimony after it had accrued.

By express provision of section 139 as it read when the divorce decrees in this case were entered in 1925 and 1926 there was no vested right in instalments not yet accrued, that section then providing as it still does that "the court may, from time to time, modify its orders in these respects." This provision constitutes a statutory reservation of the power of modification, including termination, of the provisions for future alimony instalments in all decrees of divorce entered in the courts of California. (*McClure* v. *McClure*, 4 Cal.2d 356, 360 [49 P.2d 584, 100 A.L.R. 1257].) It follows from this reservation of power that a divorced wife has no vested right in instalments of alimony not yet accrued and for that reason the courts of another state are not obligated under the full faith and credit clause to enforce such a decree of divorce as to future instalments of alimony. (*Biewend* v. *Biewend*, *supra*, 17 Cal.2d 108, 112.)

The amendment to section 139, Civil Code, operates prospectively, from the date of remarriage, only upon instalments of alimony not yet accrued at that time. It therefore cannot be said to deprive the divorced wife of any right which has already vested in her by virtue of the decree. The case is controlled by *Rosher* v. *Superior Court*, 9 Cal.2d 556 [71 P.2d 918]. The question involved in that case was whether a father had a vested right in a decree providing for the support of a female minor child so that future instalments provided for in the decree could not constitutionally be extended to

include the three years between the date of the minor's reaching the age of 18 and the date of her becoming 21 by the adoption, after the making of the order, of the statute increasing the age of majority of women. The court held that there was no vested right as to unaccrued instalments because of the reservation of the power in the courts to change or modify their decrees for the support of minors contained in section 138, Civil Code. In doing so the court expressly overruled *Kendall* v. *Kendall*, 122 Cal.App. 397 [10 P.2d 131], a case strongly relied upon by appellant.

Judgment affirmed.

Goodell, J., concurred.

A petition for a rehearing was denied August 13, 1949, and appellant's petition for a hearing by the Supreme Court was denied September 12, 1949.