(No. 38003.—

JUDY JACOBSON, Appellant, *vs.* DONNA LENHART, Appellee.

*Opinion filed January 22, 1964.*

MATTHEWS, JORDAN, DEAN & SUHLER, of Aurora, (EVERETT JORDAN and JOHN L. PETERSEN, of counsel,) for appellant.

MAYNARD & MAYNARD, of Rockford, (JAMES F. MAYNARD, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This appeal, taken from an order of the circuit court of DeKalb County, presents a question of the constitutionality of section 21 of the Limitations Act which provides with respect to personal actions: "If the person entitled to bring an action, mentioned in the nine preceding sections, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed." Ill. Rev. Stat. 1961, chap. 83, par. 22.

Plaintiff, Judy Jacobson, was injured on February 24, 1958, while riding as a passenger in a car driven by defendant. At the time she was 18 years old, having attained that age on February 14, 1958. Necessarily, therefore, when the cause of action accrued, plaintiff was no longer a minor and was not within the class of disabilities excepted by section 21 from the operation of the general limitations fixed by "the nine preceding sections." On November 8, 1962, approximately four years and nine months after the occurrence, she brought this action to recover for her injuries. Upon defendant's motion, however, the complaint was dismissed on the ground that plaintiff had not brought her action within the general two-year period of limitation fixed by section 14 of the act. (Ill. Rev. Stat. 1961, chap. 83, par. 15.) When plaintiff elected to abide by her complaint, a final order of dismissal was entered. Here, as in the trial court, it is plaintiff's contention that section 21, insofar as it differentiates in the ages at which males and females, respectively, cease to enjoy the protection and benefits of the section, effects a classification which is arbitrary, discriminatory and without relation to the apparent purpose of the statute. Stated otherwise and starting with the basic premise that equal protection of the law requires the rights of every person to be governed by the same rule of law under similar

circumstances, plaintiff contends that, so far as the matter of limitations is concerned, there is no substantial difference between males and females which permits or justifies classification on the basis of sex and age. Her theory is that due process requires that females, as well as males, should have two years after reaching age twenty-one to prosecute an action for personal injuries that arose during minority. This, of course, is but another way of saying that for purpose of limitations males and females should be removed from the disability of minority at the same age, and assumes that twenty-one is the proper age.

The classification of objects, subjects, groups or persons for legislative purposes is, primarily, a question for the legislature and courts will not interfere unless such classification is clearly unreasonable and palpably arbitrary. (*Du Bois* v. *Gibbons,* 2 Ill.2d 392; *Krebs* v. *Board* of *Trustees,* 410 Ill. 435.) There is a presumption that the General Assembly and its committees acted conscientiously and thoroughly in enacting legislation, and, in considering the reasonableness of a classification made, courts will not refuse to uphold the legislature merely on the ground that the opinion of the court on the subject might differ, nor will courts consider whether the classification is wise or unwise. (*Crews* v. *Lundquist,* 361 Ill. 193; *Du Bois v. Gibbons,* 2 Ill.2d 392.) A classification of a group of persons is not arbitrary if there is a sound basis in reason and principle for regarding one class of individuals as a separate and distinct class for the purposes of the particular legislation. (*Hughes* v. *Traeger,* 264 Ill. 612; *Phillips* v. *Browne,* 270 Ill. 450.) It requires neither extended discussion nor citation of authority for the proposition that age and the differences existing between the sexes are proper bases for legislative classification, (*e.g. Ritchie & Co.* v. *Wayman,* 244 Ill. 509, 523; *People* v. *Huff,* 249 Ill. 164, 169,) and it is equally well settled that, in the absence of express constitutional inhibition, the age at which a minor shall be

deemed to have the legal capacity to do anything or perform any act is wholly a matter within the power of the legislature. (See: *People ex rel. Chicago Title and Trust Co.* v. *Kowalski,* 307 Ill. 378; *Morrissey* v. *Perry,* 137 U.S. 157, 34 L. ed. 644; *Application of Presler,* 13 N.Y.S. 2d 49; *Coleman* v. *Coleman,* 51 Ohio App. 221, 220 N.E. 197; 43 C.J.S., Infants, sec. 19.) Thus, the question for determination here is whether, for the purpose of limitations, there is a substantial difference in the situation of males and females which serves to justify the classification made in section 21.

So far as we can ascertain, the constitutional issue raised is one of first impression; however, we are not without precedent or basis to chart the course of our decision. The present statute which ordains that: "Males of the age of 21 and females of the age of 18 years shall be considered of legal age for all purposes, * * *." (Ill. Rev. Stat. 1961, chap. 3, par. 131,) was enacted substantially in its present form in 1872, (Laws of 1871-72, p. 469,) as was section 21 of the Limitations Act here under consideration. (Laws of 1871-72, p. 556.) But even before that, in 1833, there had been statutory direction that "the minority of females shall cease at the age of eighteen years." (Laws of 1833, p. 455.) In an early consideration of the latter statute, specifically considering its effect and application in the matter of limitations, this court observed in *Stevenson* v. *Westfall,* 18 Ill. 209, 215, with respect to the legislative differentiation in the ages of males and females: "This indicates that, in the opinion of the legislature, females at the age of eighteen possess as much discretion as males at the age of twenty-one, and are then fitted to attain their majority; * * * ." In short, legislative and judicial recognition that females mature physically, emotionally and mentally before male persons, was found to be the reasonable basis for the classification.

The statutes to which we have referred have stood

unchallenged for almost a 100 years; they were enacted in face of the language in *Stevenson* v. *Westfall* and have not been changed; and while we are a court comprised of mere males, we think it safe to say there has been a common acceptance by legislatures, judiciaries and the public alike that there are many areas in which females become competent to be freed from legal disability before males. We realize that the statutes of which we speak are not of recent vintage, and that times have changed. But we believe the question whether the two sexes now develop to maturity and the age of discretion on a par with one another, should and must be committed to the wisdom and judgment of the legislature rather than to our courts. As to the particular issue here, we agree with defendant that if a female becomes an adult at age eighteen, as our statute directs, (Ill. Rev. Stat. 1961, chap. 3, par. 131,) and can thereafter start a suit in her own name and be responsible for debts, obligations, ownership of property, contracts and other business relationships, there is no basis in logic or reason why the Statute of Limitations should not start to run against her at the age she receives and enjoys most of the responsibilities of the adult world. Stated otherwise and looking to the whole body of our statute law, we believe the reasonableness of the burdens arising from legislative classifications based upon sex and age, must to some degree be considered in light of the benefits received from the same classification.

Accordingly, we conclude that the circuit court of De-Kalb County properly dismissed the plaintiff's complaint and its order is affirmed.

*Order affirmed.*