[S. F. No. 13854. In Bank.—October 23, 1930.]

A. H. CARPENTER, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

A. H. Carpenter, *in pro. per.*, for Petitioner.

Max Thelen and Thelen & Marrin for Respondent.

THE COURT.—The above-entitled proceeding has for its object the discipline of A. H. Carpenter, an attorney at law of Stockton, California, and a member of the incorporated State Bar.

■ The charges are made in proper form and in essence are that said attorney is guilty of an infraction of number 12 of the Rules of Professional Conduct approved by this court, in that he communicated with a party represented by counsel on the subject of controversy in the absence of and without the consent of such counsel. The basis for this charge will be found in the following statement:

In 1912 Henry R. Howe brought suit and obtained a decree of divorce from his wife, Clara Howe; minor children, the issue of such marriage, were not provided for in said decree. On October 4, 1927, some fifteen years later, after due proceedings to that end had, the judge of the San Joaquin County superior court made and filed an order in said cause requiring the husband to pay to the wife for the support and maintenance of the two children $40 per month until the further order of the court, the first payment to be made on October 1, 1927, and monthly thereafter. The husband, through his attorney, appealed to this court from said order.

The wife, who had later married a man by the name of DeCosta, was first represented by the firm of Stahlman & Bennett and later by Sydney C. Bennett, the latter's connection with the matter being known to petitioner, the husband's attorney. Under said order the amount due Mrs. DeCosta as of December 1, 1928, was $600. During the pendency of the husband's appeal he sought at various times to induce her to agree to some settlement, often telling her that she could not win the case on appeal anyway. He also made efforts to induce his son to talk to her and to influence her to make a settlement. It appears, however, that on December 20, 1928, the order appealed from was affirmed by this court (*Howe* v. *Howe*, 206 Cal. 1 [272 Pac. 751]). It became final and *remittitur* issued on January 21, 1929.

There is satisfactory evidence that the attorneys for the respective parties received notice of the order of affirmance on or about December 21 and prior to December 24, 1928. On the latter date, however, Mr. Bennett, acting as attorney for Mrs. DeCosta, had still been unable to communicate to her the fact that the order had been affirmed. On the morning of December 24th Mr. Howe telephoned his former wife and asked her to come to the office of this petitioner,

A. H. Carpenter, to fix up a settlement. A previous offer of $300 had apparently been discussed and agreed upon between the parties, with no evidence that petitioner had any knowledge thereof. Mrs. DeCosta called at petitioner's office with her son and while there, without disclosing to her in any way the affirmance of said order, petitioner prepared an agreement waiving the respective rights of the parties as husband and wife and mentioning as a consideration a promissory note of $300. The testimony does not show that petitioner advised or participated in the negotiations for a settlement. It does show, however, that Mrs. DeCosta asked petitioner if it would be necessary for her attorney to be present, to which he replied: "No, he does not need to be here at all, because we can fix the papers here." This proceeding was followed by the giving of a promissory note without interest, due in sixty days, although Mrs. DeCosta believed it to be a thirty-day note.

Later, Mr. Bennett saw his client and was informed of what had been done and as a result of such information the present proceeding was begun on January 1, 1929. Notice to answer complaint was served on petitioner on April 2, 1929, and his answer was made on April 11, 1929. The local administrative committee, which had the matter in charge, noticed it for hearing on May 6, 1929. Petitioner filed with said committee on April 27, 1929, a defamatory, if not scurrilous, communication directed at Mrs. DeCosta and her attorney and also charging the local administrative committee with prejudice, bias and hostility, and further alleging that if petitioner's objection should be disregarded, he demanded that the hearing be an open one and that he be confronted with the witnesses against him and that a court reporter be present. The secretary of the committee responded, offering to show petitioner every courtesy and to have a court reporter present if desired, and inclosed copy of a subpoena for his use in procuring witnesses who would testify in his behalf. The hearing was nevertheless thereafter held at 8 o'clock on the evening of May 6, 1929, petitioner failing to appear. The evidence adduced showed the facts to be in substance as above stated.

The committee of five, only four of whom acted, were unable to agree upon a recommendation in the matter and the

whole proceeding was transmitted without recommendation to the board of bar governors. Upon consideration of the evidence, said board, by eleven affirmative votes, concluded that petitioner ought to be suspended for the period of three months and a recommendation to that effect was made to this court.

We have given careful consideration to all the evidence in this case and have reached the conclusion that the recommendation of the board of governors of The State Bar is fully justified and that it should be adopted by this court. It appears without substantial conflict that petitioner knew that the decision of the court had been rendered affirming said order; he also knew that Mr. Bennett was the attorney for Mrs. DeCosta. Without so much as informing her of her rights or ascertaining whether she had received notice of said affirmance, he proceeded to draft in his office the agreement between the parties, without notification to or presence of her said attorney. Mrs. DeCosta, in the presence of her son, was told that it was not necessary to notify the attorney or to have him present or that the matter be taken up in court. This conduct cannot be harmonized with the ethics of the profession (State Bar Act [Stats. 1927, p. 38], secs. 25, 29), nor with the letter or spirit of subdivision 2 of section 287 of the Code of Civil Procedure.

The statement that the affirmance of the order terminated the relationship of attorney and client between Mr. Bennett and Mrs. DeCosta is entirely without merit. Furthermore, the order of affirmance had not become final as the time for rehearing had not passed and the matter was still pending in every sense of the word. All the other points urged by petitioner herein have been disposed of in previous decisions of this court and time need not be consumed in discussion of them.

It is ordered that the action and recommendation of the board of governors in this matter be and it is hereby approved and that petitioner herein, A. H. Carpenter, be and he is hereby suspended from the practice of law in this state for the period of three months from and after the date of filing of this order.