[No. B010724. Second Dist., Div. Three. Nov. 7, 1986.]

FRANK C. WILHELM, as Conservator, etc., Plaintiff and Appellant, v. PRAY, PRICE, WILLIAMS & RUSSELL et al., Defendants and Respondents.

**1328**

## COUNSEL

George T. Kelly for Plaintiff and Appellant.

Bottum, Rady & Feltion, Nancy L. Rady and Christopher Granville-Mathews for Defendants and Respondents.

## OPINION

**KLEIN, P. J.**—Plaintiff and appellant Frank C. Wilhelm (Wilhelm), conservator for the estate and person of Vona J. Goodman (Goodman), appeals from a judgment sustaining the demurrer without leave to amend to the third amended complaint interposed by defendant and respondent Nellie Cohen (Cohen), granting a motion to strike, and awarding sanctions.

Because the complaint does not, and cannot, state a cause of action, the judgment is affirmed.

### PROCEDURAL AND FACTUAL BACKGROUND[1]

In March 1981, Goodman, who was 87 years old at the time, retained William C. Price III (Price) and the firm of Pray, Price, Williams & Russell (Firm) to recover $104,000 she loaned Albert S. Leedy (Leedy) and for which she received a note. On or about April 1, 1981, the Firm filed an action against Leedy (Goodman v. Leedy, et al. (Super. Ct. L.A. County, No. 61303)). The Firm also petitioned the court for a voluntary conservatorship for Goodman.

After the initiation of the lawsuit, Goodman, accompanied by Leedy, met with Leedy's attorney, Cohen, in Cohen's office sometime in April 1981. Following Goodman's meeting with Cohen and Leedy, her lawsuit against Leedy was dismissed with prejudice by her counsel on May 19, 1981.

---

[1]The instant facts are garnered from the pleadings.

On November 17, 1982, Wilhelm was appointed conservator of the person and estate of Goodman. On November 2, 1983, Wilhelm filed the instant action against Price, the Firm, Leedy and Cohen.

In the original complaint, the first cause of action alleged malpractice against Price and the Firm based on the dismissal of the action against Leedy, especially in light of the petition to establish a conservatorship for Goodman filed at the same time as the lawsuit on her behalf. The second cause of action sought damages from Cohen for deceit under Civil Code section 1710. The third and fourth causes of action were for constructive fraud against Cohen and Leedy under Civil Code section 1573.

Cohen interposed successful demurrers to the original, the first and the second amended complaints.

The third amended complaint alleged malpractice against the Firm in the first cause of action. The second cause of action for fraud and deceit against Cohen alleged that when Goodman visited Cohen's office with Leedy, Cohen made certain false representations in order to convince Goodman to dismiss the lawsuit against Leedy. The prayer requested general and punitive damages against both the Firm and Cohen.

Cohen demurred to the second cause of action, and at the same time, filed a motion to strike both the punitive damages and a paragraph that alleged Cohen arranged the meeting in her office with Goodman without notifying Goodman's attorneys in violation of Rules of Professional Conduct of the State Bar, rule 7-103 (rule 7-103). Lastly, Cohen filed a motion for sanctions pursuant to Code of Civil Procedure section 128.5 (section 128.5), alleging Wilhelm's failure to make any significant changes in the complaints following the sustaining of three previous demurrers was in bad faith and caused her unnecessary delay and expense.

After a hearing on December 20, 1984, the trial court sustained Cohen's demurrer without leave to amend to the third amended complaint and granted her motion to strike. It then dismissed Cohen from the instant lawsuit and awarded $500 in sanctions pursuant to section 128.5 against Wilhelm in his representative capacity.[2]

## CONTENTIONS

Wilhelm contends the trial court erred: (1) in sustaining Cohen's demurrer to the third amended complaint; (2) in striking the punitive damages allegation; and (3) granting the motion for sanctions.

---

[2] We take judicial notice that the lawsuit between Wilhelm and Price and the Firm is still pending.

DISCUSSION

1. *Scope of appellate review.*

█ The function of a demurrer is to test the sufficiency of a plaintiff's pleading by raising questions of law. (*Whitcombe* v. *County of Yolo* (1977) 73 Cal.App.3d 698, 702 [141 Cal.Rptr. 189].) For purposes of appeal, factual allegations of the complaint, properly pleaded, are deemed admitted by defendant's demurrer. (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701]; *Lopez* v. *Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 784 [221 Cal.Rptr. 840, 710 P.2d 907].)

█ Leave to amend is properly denied when the facts are not in dispute and the nature of the claim is clear, but there is no liability under substantive law. (*Johnson* v. *County of Los Angeles* (1983) 143 Cal.App.3d 298, 306 [191 Cal.Rptr. 704].) █ "[A]ll intendments weigh in favor of the regularity of the trial court proceedings and the correctness of the judgment. Unless clear error of abuse of discretion is demonstrated, the trial court's judgment of dismissal following the sustaining of defendants' demurrer will be affirmed on appeal [citation]." (*Owens* v. *Foundation for Ocean Research* (1980) 107 Cal.App.3d 179, 182 [165 Cal.Rptr. 571].)

It is this standard we apply to the instant appeal.

2. *The complaint does not state a cause of action for either fraud or deceit.*

█ Wilhelm contends he adequately stated a cause of action for some form of either fraud or deceit.[3]

---

[3]Civil Code section 1572 (section 1572) states: "Actual fraud, within the meaning of this Chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: [¶] 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; [¶] 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; [¶] 3. The suppression of that which is true, by one having knowledge or belief of the fact; [¶] 4. A promise made without any intention of performing it; or, [¶] 5. Any other act fitted to deceive."

Civil Code section 1709 (section 1709) defines: "*Fraudulent deceit.* One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

Civil Code section 1710 (section 1710) provides: "A deceit, within the meaning of the last section, is either: [¶] 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; [¶] 2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; [¶] 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, [¶] 4. A promise, made without any intention of performing it."

a. *No "actual" or "justifiable" reliance on Cohen's representations.*

The essential allegations for an action in fraud or deceit are false representation as to a material fact, knowledge of its falsity, intent to defraud, *justifiable* reliance and resulting damage. (*Roberts* v. *Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.App.3d 104, 109 [128 Cal.Rptr. 901]; *Gonsalves* v. *Hodgson* (1951) 38 Cal.2d 91, 100-101 [237 P.2d 656].)

The absence of any one of these required elements will preclude recovery. (*Gonsalves* v. *Hodgson, supra,* 38 Cal.2d at p. 101.)

Wilhelm alleges in the third amended complaint that at their meeting, Cohen made the following representations to Goodman: (1) if Goodman would dismiss her action against Leedy, he would pay back the $104,000; (2) it would be in the best interests of Goodman to dismiss the suit because otherwise it would damage her longstanding and future relationship with Leedy; and (3) Goodman would save substantial monies in attorney's fees.

Wilhelm further alleged Cohen knew these representations were false and that they were made with intent to defraud Goodman, and that Goodman relied on these representations and caused the lawsuit to be dismissed with prejudice against Leedy and was thereby damaged because she no longer had a legal remedy.

While Wilhelm is correct that plaintiff's pleading must be taken as true (*Douglas* v. *E. & J. Gallo Winery* (1977) 69 Cal.App.3d 103, 114 [137 Cal.Rptr. 797]), the allegations in a fraud action need not be liberally construed.

Instead, fraud must be specifically pleaded. This means: (1) general pleading of the legal conclusion of fraud is insufficient; and (2) every element of the cause of action for fraud must be alleged in full, factually and specifically, and the policy of liberal construction of pleading will not usually be invoked to sustain a pleading that is defective in any material respect. (*Hall* v. *Department of Adoptions* (1975) 47 Cal.App.3d 898, 904 [121 Cal.Rptr. 223].) "It is bad for courts to allow and lawyers to use vague but artful pleading of fraud simply to get a foot in the courtroom door." (*Ibid.*)

Here, the complaint fails to plead with specificity a factual basis for how Cohen "knew" the representations she communicated to Goodman on behalf of Leedy were false.

Moreover, reliance, one of the elements necessary to state a cause of action in fraud or deceit is not adequately pled. Plaintiffs must show

"actual" reliance, i.e., that the representation was an "'immediate cause'" that altered their legal relations. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 472, p. 2732.) Besides actual reliance, plaintiff must also show "justifiable" reliance, i.e., circumstances were such to make it *reasonable* for plaintiff to accept defendant's statements without an independent inquiry or investigation. (4 Witkin, *supra,* § 475, p. 2734.)

 Here, Wilhelm's allegations, as a matter of law, preclude a showing of "actual" or "justifiable" reliance. Wilhelm clearly admits Goodman was represented by counsel at the time of the alleged misrepresentations. In the first cause of action for malpractice against the Firm, Wilhelm alleges *the Firm* dismissed the lawsuit against Leedy without properly investigating the facts. But in the second cause of action against Cohen, Wilhelm alleges Goodman, relying on Cohen's representations, caused the action against Leedy to be dismissed.

Because her counsel prepared and filed the dismissal, she must have consulted with Price and the Firm before hand. Also, it would not be "reasonable" for Goodman to accept Cohen's representations as an *adversary* without an independent inquiry.

Based on the above, the complaint does not, and cannot, show reliance by Goodman on Cohen's representations. Therefore, because an element of fraud is missing, recovery is precluded. (*Gonsalves* v. *Hodgson, supra,* 38 Cal.2d at p. 101.)

b. *The complaint does not state a cause of action for negligent misrepresentation, nor can it be amended to do so.*

Wilhelm contends at length that Cohen had a *duty* to Goodman as a third party, even though she was not in privity with Goodman.

The question of duty is relevant in cases where a cause of action for negligent misrepresentation is alleged. (See § 1710, subd. 2.) Both cases cited by the parties discuss the issue of an attorney's duty to a *third party* in that context. (*Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 342 [134 Cal.Rptr. 375, 556 P.2d 737]; *Roberts* v. *Ball, Hunt, Hart, Brown & Baerwitz, supra,* 57 Cal.App.3d at p. 110.)

 However, a scrutiny of the third amended complaint indicates no allegation of a cause of action for negligent misrepresentation. Instead, the complaint alleges only that Cohen "*knew* that said representations were false and untrue when they were made" and "[s]aid representations were made by . . . Cohen, . . ., with the *knowledge* that they were false and

untrue and with the intent to deceive and defraud Vona J. Goodman . . . ." (Italics added.) Nowhere in the complaint is it alleged that Cohen made these false representations honestly believing they were true but having no reasonable ground for such belief. (See § 1710, subd. 2; 4 Witkin, Summary of Cal. Law, *supra,* § 480, p. 2739.)

Thus, as negligence was not alleged, we need not concern ourselves with the question of duty. ▮▮ ▮▮▮ However, even if we were to permit amendment of the complaint to allege a cause of action for negligent misrepresentation, such cause of action would still not survive a demurrer.[4]

▮ This is so because even if duty necessary for a negligent misrepresentation cause of action existed, there remains the problem of proximate cause. As discussed *ante* in part 2.a. on reliance, after Goodman heard Cohen's representations, she then consulted with her own attorneys, and it was only *after* this meeting that the action against Leedy was dismissed. Thus, Goodman's discussion with her own counsel amounts to an independent intervening act, relieving Cohen of any negligence.

▮▮▮ ▮▮ Because the complaint fails to state any cause of action, Cohen's demurrer was properly sustained, and the prayer for punitive damages was likewise properly stricken.[5]

3. *The award of sanctions was proper on its merits.*

▮ Wilhelm contends the trial court erred in awarding sanctions pursuant to section 128.5 as all pleadings were in good faith.[6]

---

[4]Apparently, a plaintiff can allege causes of action for both intentional and negligent misrepresentation as "there is some authority holding that a plaintiff should be able, on information and belief, to plead inconsistent *facts* . . . ." (*Roberts* v. *Ball, Hunt, Hart, Brown & Baerwitz, supra,* 57 Cal.App.3d at p. 110, italics added.)

[5]Cohen's actions may constitute a violation of rule 7-103.

Rule 7-103 states in pertinent part: "A member of the State Bar shall not communicate directly or indirectly with a party whom he [sic] knows to be represented by counsel upon a subject of controversy, without the express consent of such counsel."

While a violation of rule 7-103 does not subject an attorney to civil liability in damages, it may subject him or her to State Bar disciplinary proceedings. (*Noble* v. *Sears, Roebuck & Co.* (1973) 33 Cal.App.3d 654, 658-659 [109 Cal.Rptr. 269, 73 A.L.R.3d 1164].) (See, e.g., *Carpenter* v. *The State Bar* (1930) 210 Cal. 520, 521-523 [292 P. 450] (three-month suspension); *Turner* v. *State Bar* (1950) 36 Cal.2d 155 [222 P.2d 857] (three-month suspension); *Mitton* v. *State Bar* (1969) 71 Cal.2d 525 [78 Cal.Rptr. 649, 455 P.2d 753] (three-month suspension); *Crane* v. *State Bar* (1981) 30 Cal.3d 117, 122-124 [177 Cal.Rptr. 670, 635 P.2d 163] (one-year suspension); *Shalant* v. *State Bar* (1983) 33 Cal.3d 485, 489-490 [189 Cal.Rptr. 374, 658 P.2d 737] (public reproval).)

[6]Section 128.5 states in pertinent part: "(a) Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by

Section 128.5 allows expenses incurred by a party as a result of another party's "bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. . . ." The section defines frivolous as "totally and completely without merit or . . . for the sole purpose of harassing an opposing party."

Both *City of Long Beach* v. *Bozek* (1982) 31 Cal.3d 527 [183 Cal.Rptr. 86, 645 P.2d 137], certiorari granted, vacated and remanded 459 U.S. 1095 [74 L.Ed.2d 943, 103 S.Ct. 712], reaffirmed and reissued (1983) 33 Cal.3d 727 [190 Cal.Rptr. 918, 661 P.2d 1072], and *Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist.* (1983) 140 Cal.App.3d 111 [189 Cal.Rptr. 208], have held that section 128.5 sanctions are appropriate for frivolous actions. In *Atchison, Topeka* the court reflected "where an action is initiated for an improper motive, or a party knows or should know the facts or law or both preclude the action or any recovery, yet prosecutes the action in any event, the question of a frivolous action is raised." (*Atchison, Topeka & Santa Fe Ry. Co.* v. *Stockton Port Dist., supra,* at p. 116.

In the instant case, the trial court awarded sanctions of $500 only after sustaining three previous demurrers. At hearing on the first amended complaint, the trial court stated: "I'm suspect as to whether you are ever going to be able to state a cause of action."

Subsequently, the third amended complaint revealed only superficial amendments. The grounds for the demurrer to this complaint were precisely the same as for the previous demurrers—namely, the facts as alleged and the law precluded a cause of action, and there was a lack of good faith by Wilhelm's counsel.

On this record, the trial court did not err in awarding sanctions after the complaint did not state a cause of action on the fourth try.[7]

---

another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay.` . . . [¶] (b) For purposes of this section: [¶] (1) 'Actions or tactics' include, but are not limited to, the making or opposing of motions or the filing and service of a complaint or cross-complaint. The mere filing of a complaint without service thereof on an opposing party does not constitute 'actions or tactics' for purposes of this section. [¶] (2) 'Frivolous' means (A) *totally and completely without merit* or (B) for the sole purpose of harassing an opposing party. [¶] (c) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion,.after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

[7]No procedural infirmities in the granting of the award were raised. (See *Lesser* v. *Huntington Harbor Corp.* (1985) 173 Cal.App.3d 922 [219 Cal.Rptr. 562].)

## DISPOSITION

The judgment as to the sustaining of the demurrer without leave to amend, the motion to strike the punitive damages, and the award of sanctions is affirmed.

Lui, J., and Herrington, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.