979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louellen E. JEONG, Plaintiff-Appellant,
v.
CALIFORNIA PACIFIC ANNUAL CONFERENCE; David Lehmberg; Rich
Garner; Ed Hansen; Jack M. Tuell, Defendants-Appellees.
 No. 92-55370.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 12, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louellen Edwards Jeong appeals pro se the district court's dismissal of her action against the California Pacific Annual Conference of the United Methodist Church and individual defendants for lack of jurisdiction and for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's dismissal of Jeong's action. McCalden v. California Library Ass'n, 955 F.2d 1214, 1219 (9th Cir.1990). We construe all allegations of material fact in the complaint as true and view them in the light most favorable to the plaintiff. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). Before dismissal, the district court must provide a pro se litigant with some notice of the deficiencies in the complaint and an opportunity to amend the complaint. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 The first amendment guarantee of separation between church and state, applied to the states through the fourteenth amendment, prohibits civil courts from interfering in ecclesiastical disputes. Serbian Eastern Orthodox Diocese v. Milivojevich, 426 U.S. 696, 698 (1976). If a civil court cannot resolve a dispute in which a religious body is a party without inquiring into questions of religious law and polity, the court must leave the decision of that organization's highest tribunal untouched, accepting that decision as binding on the court. Id. at 709. Civil courts are required to accept the decisions of the highest authority of a religious organization of hierarchical polity on matters of discipline, faith, internal organization, ecclesiastical rule, custom, or law. Id. at 713. Decisions affecting the church hierarchy "are at the core of ecclesiastical concern." Serbian, 426 U.S. at 717. Thus, civil courts may not interfere with the decision of a religious organization to hire, promote, or remove members of its ministry. Id. at 711-717.
 
 
 5
 A civil court may, however, interfere in ecclesiastical matters where "fraud, collusion, or arbitrariness" are involved. Presbyterian Church v. Hull Church, 393 U.S. 440, 664 (1969). A civil court may adjudicate a dispute in which a religious organization is a party as long as the court can do so "without interpreting or weighing church doctrine" or by "engaging in the narrowest kind of review of a specific church decision--i.e., whether that decision resulted from fraud, collusion, or arbitrariness." See Presbyterian, 393 U.S. at 664. Courts have applied this exception and exercised jurisdiction over cases involving property disputes and fraud in solicitation. See id.; Jones v. Wolf, 443 U.S. 595 (1979); Cantwell v. Connecticut, 310 U.S. 296, 306 (1939). Civil courts are also authorized to intervene where a religious practice or belief interferes with federal regulations in which there is a compelling public interest. See E.E.O.C. v. Pacific Press Pub. Ass'n, 676 F.2d 1272, 1281 (9th Cir.1982) (courts may intervene in order to enforce Title VII of the Civil Rights Act).
 
 
 6
 Here, Jeong seeks damages from the defendants on the ground that, having led her to believe she had a good chance of being admitted as a member of the church ministry after she completed the required schooling, the defendants then decided not to certify her for the ministry. The district court dismissed Jeong's action on the ground that the first and fourteenth amendments preclude civil courts from ruling on ecclesiastical disputes.
 
 
 7
 Jeong concedes that the defendants had the right to ultimately determine that she was an unsuitable candidate for the ministry. Nevertheless, Jeong contends that the defendants' actions constitute fraud and that the defendants are guilty of intentional infliction of emotional distress, thus making her action one subject to the review of civil courts.[1]
 
 
 8
 In order to properly allege fraud, a plaintiff must show false representation as to a material fact, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage. Wilhelm v. Pray, Price, Williams & Russel, 186 Cal.App.3d 1324, 1331 (1986). Moreover, allegations in a fraud action need not be liberally construed. Id. Rather, fraud must be specifically pleaded. Thus, "(1) general pleading of the legal conclusion of fraud is insufficient; and (2) every element of the cause of action for fraud must be alleged in full, factually and specifically...." Id. Moreover, a plaintiff suing for fraud based on a false promise must demonstrate both "an intention [on the part of the promisor] to cause the promise to act by reason of the promise, and an intention at the time of the promise not to keep it." Hills Transp. Co. v. Southwest Forest Indust., 226 Cal.App.2d 702, 708 (1968). It is not sufficient to allege simply that the promisor intended the promise to rely on his promise, and that she did rely on the promise. Id.
 
 
 9
 In order to state a claim for intentional infliction of emotional distress a plaintiff must show outrageous conduct by the defendant, intent or reckless disregard, actual and proximate causation, and damage. See Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1982). In order to qualify as "outrageous," the alleged conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. at 209. Moreover, the determination of what conduct is "outrageous" is a matter of law for the court to decide. Nahrsted v. Lakeside Village Condominium Ass'n, 11 Cal.Rptr.2d 299, 309 (1992).
 
 
 10
 Jeong first alleged in her complaint that the United Methodist Church repeatedly assured her that "she would surely be certified" for the ministry. Jeong alleges later in her complaint that she was further led to believe that she would be certified if she completed an extra United Methodist internship. Thus, although we accept Jeong's allegations as true, see Tanner, 879 F.2d at 576, Jeong did not articulate a claim for fraud or for intentional infliction of emotional distress. See Wilhelm, 186 Cal.App.3d at 1331; Davidson, 32 Cal.3d at 209. While Jeong did allege that she justifiably relied on defendants' assurances to her that she would eventually qualify for a position in the ministry, she did not allege that they knew at the time they made those assurances that they were false. See Wilhelm, 186 Cal.App.3d at 1331. Similarly, while Jeong alleged that she and her family have suffered emotional distress as a result of her failure to obtain the position she sought, it is inadequate to assert, as she does, that the failure to inform her "in a timely and considerate manner" constitutes conduct which exceeds that tolerated in a civilized community. See Davidson, 32 Cal.3d at 209.
 
 
 11
 Thus, although Jeong contends that civil courts do have jurisdiction over her action because she is alleging fraud, the district court properly dismissed this action because Jeong failed to state a claim for fraud. Further, because she failed to properly allege fraud, Jeong's action constitutes an ecclesiastical dispute between Jeong and the United Methodist Church and is not reviewable by the civil courts. See Serbian, 426 U.S. at 698, 717. Accordingly, we affirm the district court's dismissal of Jeong's action.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 State law governs these claims because the district court had jurisdiction in diversity. Erie Railroad v. Thompkins, 304 U.S. 64 (1938)