**In re: U.S. INVESTORS COMPANY OF AMERICA, dba Trans National Express, Debtor.**

**Henry Wheeler, Successor Trustee, Appellant,**

v.

**Milan Jedlicka, B.E.A. Trading Company, Appellees.**

**No. 99–17050.**
**BAP No. EC–98–01310–RyJR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.**

Decided March 15, 2001.

** Argued and submitted as to appellant. Submitted on the briefs as to appellees.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

### MEMORANDUM*

The first five causes of action against Jedlicka and B.E.A. Trading are barred by the statute of limitations contained in 11 U.S .C. § 546(a). The previous trustee failed to obtain counsel until fourteen months after her appointment and did not contact Jedlicka until 1996 even though she knew he was an officer of U.S. Investors. She delayed filing suit against Dispoto when discovery in that action could have led to information relevant to the present action. These undisputed facts were sufficient to permit the bankruptcy court to conclude that equitable tolling was unavailable as a matter of law. *See Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.),* 14 F.3d 1380, 1385–86 (9th Cir.1994) (concluding that equitable tolling was unavailable as a matter of law even though plaintiff-trustee had filed a state action, conducted an oral examination, and requested books and records).

Wheeler did not allege and the record does not demonstrate that B.E.A. Trading or Jedlicka made false representations to U.S. Investors. Thus, as a fraud claim, Wheeler's seventh cause of action fails under California law. *See Moore v. Brewster,* 96 F.3d 1240, 1245 (9th Cir.1996) (stating requirements of fraud claim under California law); *Wilhelm v. Pray, Price, Williams & Russell,* 186 Cal.App.3d 1324, 231 Cal.Rptr. 355, 358 (1986) ("The ab-

sence of any one of [the] required elements [for a fraud action] will preclude recovery.").

The seventh cause of action also fails if it is read as a conversion claim because it is barred by the California statute of limitations. *See* Cal.Civ.Proc.Code § 338(c) (statute of limitations for conversion action is three years); *Bennett v. Hibernia Bank,* 47 Cal.2d 540, 305 P.2d 20, 33 (1956) ("Ordinarily[, under California law] the statute of limitations applying in conversion actions begins to run from the date of the conversion even though the injured person is ignorant of his rights." (citation omitted)). Wheeler cannot bring himself within an exception to the statute. *See Electronic Equip. Express, Inc. v. Donald H. Seiler & Co.,* 122 Cal.App.3d 834, 176 Cal. Rptr. 239, 252 (1981) (stating that to benefit from the exception, a "plaintiff [in all cases has] a duty to investigate ... when 'he has notice of facts sufficient to arouse the suspicions of a reasonable man'" (quoting *Bennett,* 305 P.2d at 35)).

Finally, the Bankruptcy Appellate Panel (B.A.P.) did not abuse its discretion in refusing to grant Wheeler a default judgment after B.E.A. Trading failed to comply with the B.A.P.'s order to either retain counsel or give notice that it would not participate in Jedlicka's appeal from the bankruptcy court's judgment. *United States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir.1993) (per curiam) (decision to grant default judgment after failure to comply with order to hire counsel within district court's discretion).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.