Filed 12/22/14  Sohmer v. JP Morgan Chase Bank CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MARK SOHMER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>Defendants and Respondents. | E056316<br><br>(Super.Ct.No. RIC1112326)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia and John W. Vineyard, Judges.  Affirmed.

Mark Sohmer, in pro. per., for Plaintiff and Appellant.

Alvarado Smith APC and Mikel A. Glavinovich for Defendants and Respondents J.P. Morgan Chase Bank, Mortgage Electronic Registrations Systems, and California Reconveyance Company.

1

On March 19, 2012, the trial court sustained defendant's demurrer to plaintiff's first amended complaint without leave to amend.[1]  Plaintiff Mark Sohmer then filed his notice of appeal from the judgment dismissing his complaint.[2]

## STANDARD OF REVIEW

A demurrer is used to test the sufficiency of the factual allegations of the complaint to state a cause of action.  (Code of Civ. Proc., § 430.10, subd. (e).)  The facts pled are assumed to be true and the only issue is whether they are legally sufficient to state a cause of action.  "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules.  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its

---

[1]  A hearing on the demurrer was held on March 19, 2012 before Judge Ottolia, and he sustained the demurrer and ordered dismissal of the action.  On March 28, 2012, plaintiff filed a motion under Code of Civil Procedure section 170.6 and the case was reassigned to Judge Vineyard.  The proposed judgment was subsequently signed by Judge Vineyard on April 3, 2012.

[2]  By order filed June 12, 2012, we construed the appeal to have been taken from the judgment of dismissal filed on April 5, 2012.

2

discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.  [Citation.]” (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## THE AMENDED COMPLAINT

The amended complaint states that it seeks:  (1) restitution; (2) civil penalties; (3) injunctive relief; (4) judicial notice pursuant to section 452 or 453 of the Evidence Code; (5) violation of 15 U.S.C. 1692, subdivision (e); (6) fraud; (7) intentional misrepresentation; and (8) forgery.

While the amended complaint is unclear and uncertain, it primarily attacks JP Morgan Chase Bank’s (the Bank) use of defendant Mortgage Electronic Registrations System (MERS) and transfers of title by defendant California Reconveyance Company. Plaintiff seeks to have his Chase loan account, and the underlying mortgage debt canceled and the foreclosed home reconveyed to him.

## THE DEMURRER

The demurrer and its accompanying points and authorities are not in our record. Plaintiff did not file any opposition to the demurrer.

In conducting our appellate review, we presume that a judgment or order of a lower court is correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Thus, a party challenging a judgment or an appealable order “has the burden of showing reversible error by an adequate record.” (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  If the appellant fails to provide an adequate record to support a claim, the issue must be

3

resolved in favor of the respondent. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Finally, although plaintiff is representing himself in this litigation, the rules of civil procedure apply with equal force to self-represented parties as they do to those represented by attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

Despite the absence of the demurrer from the record in this appeal, we are able to determine the grounds for the trial court's decision from the amended complaint, the transcript of the demurrer hearing, and the written judgment of dismissal.

### THE MARCH 19, 2012 HEARING

The demurrer was heard before Judge Ottolia on March 19, 2012. The trial court discussed four issues before sustaining the demurrer without leave to amend.

The first issue is res judicata. The court stated that a previous action had been filed in federal court and dismissed with prejudice. The trial court found that the same facts were heard in the federal court and the action was dismissed in the federal court. The trial court thus sustained a res judicata and collateral estoppel defense.

Turning to the second issue, the court found that the first amended complaint was improper because the plaintiff had added a cause of action for forgery without the court's permission.

In the third issue, the court found that the Bank does not have to prove a valid assignment of the original note under the MERS.[3]

---

[3] We deny plaintiff's request for judicial notice, filed August 28, 2013. Plaintiff failed to serve and file a supporting motion explaining why the proposed document is

*[footnote continued on next page]*

4

The fourth issue arises from the court's statement that the original note does not have to be produced in a nonjudicial foreclosure proceeding.

At the conclusion of the hearing, Judge Ottolia, requested respondent's counsel to prepare an order.

## THE JUDGMENT

As described in footnote 1, plaintiff filed a motion under Code of Civil Procedure section 170.6 after the hearing. The case was reassigned to Judge Vineyard, and the proposed judgment prepared by respondent's counsel was forwarded to him.

The proposed judgment incorrectly states that the March 19 hearing was before Judge Vineyard. It further states: "After reviewing the papers and considering counsels' oral arguments, the Court issued the following orders . . . ." This also appears to be incorrect, as Judge Vineyard did not hear oral argument.

More importantly, the grounds for dismissal are correctly stated in accordance with the oral proceedings. We must affirm the judgment of dismissal if any of the grounds of demurrer is well taken. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)

## THE RES JUDICATA DEFENSE

Res judicata is a defense based on the identity of the cause of action and the parties in a prior action. While the defense is generally raised in the answer, it may be

---

*[footnote continued from previous page]*
relevant to the appeal and whether it was presented to the trial court. (California Rules of Court, Rule 8.252.)

5

raised on demurrer if the allegations of the complaint, together with matters judicially noticed, demonstrate a fatal defect.

Thus, Code of Civil Procedure section 430.30, subdivision (a) provides: "When any ground for objection to a complaint, cross-complaint, or answer appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by demurrer to the pleading."

Collateral estoppel means that the parties are precluded from relitigating issues which were actually litigated and decided in a prior proceeding. (*Betyar v. Pierce* (1988) 205 Cal.App.3d 1250, 1254.) The burden of proof is on the party asserting the defense. (See, generally, 7 Witkin, *California Procedure,* Judgment §§ 413-415.)

Here, plaintiff brought a previous action in the United States District Court of the Central District of California, Case Number 10-CV-07954. After the federal court granted respondents' motion to dismiss with leave to amend, plaintiff failed to amend. The court dismissed the complaint with prejudice. The four causes of action in the federal complaint were: Fraud and Misrepresentation under the Truth-In-Lending Act— 15 U.S.C. section 1601 et seq.; Violation of Real Estate Settlement Procedures Act—12 U.S.C. section 2601 et seq.; California Rosenthal Act—Civ. Code section 1788 et seq.; and Fraud. Basically, plaintiff in both the state and federal cases challenged the propriety of the foreclosure proceedings.

Of equal importance, plaintiff has not carried his burden in this appeal to establish error on the part of the trial court. Plaintiff states in his opening brief that the issues in

the federal litigation were decided on procedural grounds rather than the merits, and that the federal court's rulings had" no possible bearing on this case," but fails to provide any explanation, at all, of these assertions, much less specific citations to the record and to the applicable law, to support these assertions. It is not the job of this court to perform these tasks for plaintiff, and therefore we find defendant's challenge to the judgment based on the issues of res judicata and collateral estoppels to be waived. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

**THE MERS**

Plaintiff argues that MERS can hold no interest in the mortgage loan note, and that assigning the note to another corporation does not transfer the note from a party who holds no interest in the note.

Plaintiff cites the rule stated in Witkin: "The lien is an incident of the debt . . . and an assignment of the debt 'carries with it the security.' [Citation.] Hence, an attempted assignment of the mortgage (or trust deed), without the note, transfers nothing to the assignee; and a transfer of the note, without the mortgage, gives the assignee the right to the security. [Citation.]" (4 Witkin, *Summary of California Law*, Secured Transactions in Real Property, § 105.) However, this discussion preceded adoption of the MERS.

The supplement to the section notes that it was cited in *Fontenot v. Wells Fargo Bank* (2011) 198 Cal.App.4th 256 (*Fontenot*). In that case, the court discussed a subsidiary argument as follows: "Plaintiff also argues any purported assignment by MERS was invalid under the common law of secured transactions. Her argument rests

7

on the general principle that because the security for a debt is 'a mere incident of the debt or obligation which it is given to secure' [citation], the assignment of an interest in the security for a debt is a nullity in the absence of an assignment of the debt itself. [Citations.] The assignment of the deed of trust, however, expressly stated that MERS assigned its interest in the deed of trust '[t]ogether with the note or notes therein described or referred to.' Accordingly, to plead a claim on this ground plaintiff was required to allege this assignment to HSBC was invalid. Because, as discussed above, plaintiff failed adequately to plead such invalidity, she failed to state a cause of action for wrongful foreclosure on the ground HSBC did not receive an assignment of both the note and its security." (*Id*. at p. 271, fn. omitted.)

Plaintiff does not cite any other state cases in support of his contention. Since the MERS is relatively new, there have been a number of recent cases discussing various challenges to it. These cases generally uphold the system. To understand the MERS, and the challenges to it, we will review some of these cases.

In *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1508-1511, we held that "The courts in California have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a DOT. Plaintiffs granted MERS such authority by signing the DOT." (*Id*. at p. 1498.) We relied on the general description of MERS in *Fontenot, supra*, 198 Cal.App.4th 256 and *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149 (*Gomes*).

8

In *Fontenot*, the court said: "Plaintiff's claim against MERS challenges an aspect of the 'MERS System,' a method devised by the mortgage banking industry to facilitate the securitization of real property debt instruments. As described in *Mortgage Electronic Registration Systems v. Nebraska Dept. of Banking & Finance* (2005) 270 Neb. 529 [704 N.W.2d 784], MERS is a private corporation that administers a national registry of real estate debt interest transactions. Members of the MERS System assign limited interests in the real property to MERS, which is listed as a grantee in the official records of local governments, but the members retain the promissory notes and mortgage servicing rights. The notes may thereafter be transferred among members without requiring recordation in the public records. [Citation.] [¶] Ordinarily, the owner of a promissory note secured by a deed of trust is designated as the beneficiary of the deed of trust. [Citation.] Under the MERS System, however, MERS is designated as the beneficiary in deeds of trust, acting as 'nominee' for the lender, and granted the authority to exercise legal rights of the lender. This aspect of the system has come under attack in a number of state and federal decisions across the country, under a variety of legal theories. The decisions have generally, although by no means universally, found that the use of MERS does not invalidate a foreclosure sale that is otherwise substantively and procedurally proper." (*Fontenot*, *supra*, 198 Cal.App.4th at p. 267.)

In *Gomes*, the court sustained a demurrer without leave to amend. It stated: "The role of MERS is central to the issues in this appeal. As case law explains, 'MERS is a private corporation that administers the MERS System, a national electronic registry that

9

tracks the transfer of ownership interests and servicing rights in mortgage loans.  Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS.  MERS is listed as the grantee in the official records maintained at county register of deeds offices.  The lenders retain the promissory notes, as well as the servicing rights to the mortgages.  The lenders can then sell these interests to investors without having to record the transaction in the public record.  MERS is compensated for its services through fees charged to participating MERS members.'  [Citation.]  'A side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system.'  [Citation.]  [¶]  The deed of trust that Gomes signed states that 'Borrower [(i.e., Gomes)] understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . .'" (*Gomes*, *supra*, 192 Cal.App.4th at p. 1151.)[4]

Subsequently, in *Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42 (*Robinson*), [Fourth Dist., Div. 2], we quoted *Gomes* and held that, "[In

---

[4] The use of the term "beneficiary" is something of a misnomer, as explained in *Gomes*.  (*Gomes, supra*, 192 Cal.App.4th at pp. 1149, 1157, fn. 9.)  It would be more accurate to say that the lender is the beneficiary and MERS is the agent of the beneficiary.  Of course, under Civil Code section 2924, subdivision (a)(1), MERS can initiate proceedings either as beneficiary or as agent of the beneficiary.

*Gomes*], the court concluded that the plaintiff failed to identify a legal basis for an action to determine whether MERS had authority to initiate a foreclosure proceeding. [Citation.]  We agree with the *Gomes* court that the statutory scheme [citation] does not provide for a preemptive suit challenging standing.  Consequently, plaintiffs' claims for damages for wrongful initiation of foreclosure and for declaratory relief based on plaintiffs' interpretation of section 2924, subdivision (a), do not state a cause of action as a matter of law.  [Citation.]"  (*Id*. at p. 46, fn. omitted.)

In *Jenkins v. J.P. Morgan Chase Bank* (2013) 216 Cal.App.4th 497 (*Jenkins*), our colleagues in the Third District thoroughly reviewed a case in which plaintiff raised issues similar to some of the issues in this case.

The court described these issues as follows: "The crux of Jenkins's lawsuit is based on her theory her loan was pooled with other home loans in a securitized investment trust, which is purportedly now managed by B of A, as the acting trustee, without proper compliance with the investment trust's pooling and servicing agreement. Her FAC alleged the failure to comply with the pooling and servicing agreement extinguished the security interest created by her execution of the deed of trust in 2007 and, therefore, Defendants now have no secured interest to foreclose upon.  Additionally, Jenkins's FAC alleged Defendants violated numerous state and federal laws with regard to the servicing of her loan and the initiation of nonjudicial foreclosure."  (*Jenkins*, *supra*, 216 Cal.App.4th at p. 505.)

11

The appellate court affirmed the trial court's decision that "Jenkins failed to state a basis for declaratory relief because (1) production of the note is not required to perfect foreclosure; (2) Jenkins was not a party or a third party beneficiary to the securitized investment trust's pooling and servicing agreement; and (3) California does not recognize a preemptive suit challenging a foreclosing party's right or ability to foreclose." (*Jenkins*, *supra*, 216 Cal.App.4th at p. 505.)

The court discussed the history of deeds of trust and the statutory foreclosure scheme. (*Jenkins*, *supra*, 216 Cal.App.4th at pp. 507-510.) It then rejected the concept of preemptive judicial actions to challenge the right or power of the foreclosing beneficiary or beneficiary's "agent" to initiate or pursue foreclosure. (*Id.* at pp. 511-515.) Jenkins also asserted other technical issues which were not raised by plaintiff here, and which cannot be examined because the deed of trust is not in our record.

We find *Gomes*, *Robinson*, and *Jenkins* persuasive here. (See, also, *Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118.) We find no authority for preemptive judicial actions in these circumstances, and no reason or ability to engraft additional requirements onto the comprehensive judicial non-disclosure scheme.

We therefore conclude that the Bank's use of defendants MERS and California Reconveyance Company did not invalidate the deed of trust or fundamentally alter the traditional form of a deed of trust to plaintiff's detriment.

## THE FAILURE TO PROVIDE THE ORIGINAL NOTE

Plaintiff argues, without citation of authority, that: "As a matter of law, the Deed of Trust was extinguished and no power remained to execute the terms of a dead document when the promissory note was separated from the deed of trust and securitized." He also argues: "With the securitization and separation of the note from the deed of trust, a non judicial foreclosure cannot occur based on the eradication of the deed of trust."

As respondent points out: "Under Civil Code section 2924, no party needs to physically possess the promissory note. [Citation.] Rather, '[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee.' [Citation.]" As noted above, in *Jenkins* the appellate court upheld the trial court's determination that production of the note is not required to perfect foreclosure. (*Jenkins, supra*, 216 Cal.App.4th 497at p. 505.)

The foreclosure scheme is comprehensive, and attempts to engraft additional procedural requirements onto it have been uniformly rejected. The request that we require production of the promissory note before foreclosure can proceed is one of the proposed requirements which have been rejected. We therefore reject it here.

### DENIAL OF LEAVE TO AMEND THE AMENDED COMPLAINT

When sustaining a demurrer, the court may grant leave to amend on any terms as may be just. (Code Civ. Proc., § 472a, subd. (c).) "[I]t is an abuse of discretion to sustain demurrers without leave to amend if there is a reasonable possibility that the

13

plaintiff can amend the complaint to cure its defects." (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386.)

"It is axiomatic that if there is a reasonable possibility that a defect in the complaint can be cured by amendment or that the pleading liberally construed can state a cause of action, a demurrer should not be sustained without leave to amend. [Citations.]" (*Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113, 118.) However, we find no such reasonable possibility here.

"Leave to amend is properly denied when the facts are not in dispute and the nature of the claim is clear, but there is no liability under substantive law. [Citation.] '[All] intendments weigh in favor of the regularity of the trial court proceedings and the correctness of the judgment. Unless clear error of abuse of discretion is demonstrated, the trial court's judgment of dismissal following the sustaining of defendants' demurrer will be affirmed on appeal [citation].' [Citation.]" (*Wilhelm v. Pray, Price, Williams & Russell, et al.* (1986) 186 Cal.App.3d 1324, 1330.)

"To meet the plaintiff's burden of showing abuse of discretion, the plaintiff must show how the complaint can be amended to state a cause of action. [Citation.]" (*Careau & Co. v. Security Pacific Business Credit, Inc., supra*, 222 Cal.App.3d 1371, 1386.)

In this case, plaintiff has not told us how he would amend the complaint to overcome the deficiencies described above. Upon review of the complaint and the authorities cited above, we agree with the trial court that there is no reasonable possibility

he can do so.  Accordingly, we find that the trial court did not abuse its discretion in denying leave to amend the complaint further and dismissing the action.

**DISPOSITION**

The judgment is affirmed.  Respondents to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

KING
J.

MILLER
J.