NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT E. HALL; JANET W. HALL, Plaintiffs-Appellants, v. BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for CWalt, Inc., alternative loan trust 2006-7CB, mortgage pass-through certificates, series 2006-7CB; et al., Defendants-Appellees. | No.    18-15801 D.C. No. 2:16-cv-02828-KJM-DB MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Robert E. Hall and Janet W. Hall appeal pro se from the district court's

judgment dismissing their diversity action alleging state law claims relating to

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil 12(b)(6). *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed the Halls' claims for cancellation of instruments, wrongful foreclosure, "statutorily defective foreclosure," negligent misrepresentation, and unfair competition because the Halls failed to allege facts sufficient to state plausible claims for relief. *See* Cal. Civ. Code § 1095 (requirements for execution of instruments transferring an estate in real property by attorney in fact); Cal. Bus. & Prof. Code § 17200 (prohibiting "any unlawful, unfair or fraudulent business acts"); *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) (elements of wrongful foreclosure claim under California law); *Thompson v. Ioane*, 218 Cal. Rptr. 3d 501, 512 (Ct. App. 2017) (elements of cancellation of instruments claim under California law); *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-796 (Ct. App. 2016) (allegedly untimely assignment of a loan into a securitized trust was merely voidable rather than void, and therefore borrower lacked standing to challenge its validity); *Fox v. Pollack*, 226 Cal. Rptr. 532 (Ct. App. 1986) (elements of negligent misrepresentation claim under California law); *see also Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

Dismissal of the Halls' fraud claim was proper because the Halls failed to satisfy the heightened pleading standard set forth in Fed. R. Civ. P. 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (holding that circumstances constituting fraud must be stated with particularity); *Wilhelm v. Pray, Price, Williams & Russell*, 231 Cal. Rptr. 355, 357-358 (Ct. App. 1986) (setting forth elements of fraud claim under California law).

Because all of the Halls' claims were properly dismissed, the district court properly dismissed the Halls' request for declaratory relief. *See* 28 U.S.C. § 2201(a) (basis for declaratory relief in federal courts); *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (in order "[t]o obtain declaratory relief in federal court, there must be an independent basis for jurisdiction").

The district court did not abuse its discretion by denying the Halls further leave to amend because amendment would be futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that a district court's discretion is particularly broad when it has already granted leave to amend).

18-15801

We do not consider matters raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Halls' request for sanctions, set forth in the opening brief, is denied.

**AFFIRMED.**

18-15801